## MORGAN, MANN AND BALL v. BILLINGS.

1. Where the penalty against a constable, for failing to return an execution, was the amount of the judgment, and for failing to pay over the money on demand, after satisfaction of the execution, was the amount of the judgment, and ten *per centum* per month damages—*Held;* that as the latter included the former, the insertion of both in the notice, for the motion, could not be objected to, after a verdict finding all the allegations true, but would have been a valid objection to the motion, if it had not been waived by taking issue on the facts.

2. When several defaults, for not paying over money on distinct executions, were embraced in the same motion, as the amount of each default was sufficient to give the Court jurisdiction—*Held*, that no objection could be taken after a verdict, on an issue made up, on the motion to the union of separate causes of action in the same motion; the Court considering it equivalent to a consolidation, by consent, of distinct motions.

3. The penalty of ten per cent. per month, on the amount of the judgment, against a constable, for failing to pay over money made by him on an execution, can be computed only from the time of the demand made.

Error to the Circuit Court of Barbour.

THIS was a motion made in the Circuit Court of Barbour county, by the defendant in error, against Morgan, as constable, and Mann and Ball as his sureties, upon a notice for failing to pay over, on demand, one hundred and thirty-nine dollars, alleged to have been collected on four several executions, which issued from a Justice of the Peace, in favor of the defendant

in error, against Samuel N. Brown and others, together with ten per cent. per month on the sum so collected, from the time of the demand; and in case the motion aforesaid, is refused, then the plaintiff will move against the constable and his sureties for failing to return the executions aforesaid.

Upon which a judgment was rendered; which recites that the parties appeared by their attornies, and that upon issue joined, the jury found the allegations contained in the notice to be true, and find for the plaintiff, one hundred and twenty-five dollars sixty-seven cents, and the further sum of three hundred and twenty-four dollars thirty-three cents, ten per centum damages from the time of the collection, demand and default, and that the defendants, Mann and Ball, are the sureties of the constable; upon which the Court rendered judgment for four hundred and fifty dollars, the aggregate of the sums so found as aforesaid, with interest thereon, at the rate of five per cent. per month from the rendition of the judgment, until satisfaction thereof, and costs.

From which, the defendants prosecute this writ of error, and now assign for error.

1st, that the notice is insufficient.

2d, the notice contains two distinct grounds of proceeding.

3d, the verdict and judgment do not respond to the notice.

4th, because several distinct causes of action are embraced in the same motion.

5th, the judgment is uncertain as to which of the defaults charged, and does not correspond with the verdict.

BUFORD, for plaintiff in error.

HARRIS, contra,—cited 5 Porter, 537; 8 Porter, 99, 361; 2 Stew. and Porter, 112; 5 Stew. and Por. 441.

ORMOND, J.—Notwithstanding this is a proceeding on a highly penal statute, and the judgment is obtained on motion, we cannot perceive that there is any error in the proceedings.

Most of the objections that are raised by the assignment of errors, are cured by the verdict of the jury, or waived by taking issue on the facts of the notice.

In Hill v. The State Bank, 5 Porter, 537, we held, that when the act complained of, subjected the sheriff to different penal-

ties, at the election of the party aggrieved, he must specifically state in the notice on which he will proceed. The notice in this case, was for failing to pay over money made by the constable, on demand, and also for failing to return the executions , had the notice been objected to on this ground, it could not have been sustained. But the jury find, by their verdict, that all the facts alleged in the notice, are true : and as the verdict ascertains that the money was not paid over on demand, it is entirely unimportant that it also shews that the executions on which the money was made, were not returned, as the result is not changed by the additional fact, that the executions were not returned. The penalty for a failure to return, being the amount of the judgment only, and for a failure to pay over the amount on demand, the amount of the judgment and ten per cent. per month thereon. It is therefore obvious that the offence of failing to return the execution is merged in the penalty for failing to pay over the money.

It is also said that the verdict is uncertain, and does not show from what period the ten per centum is calculated ; whether from the time of the collection of the money, or the refusal to pay it over on demand.

The statute, (Aik. Dig. 175,) is highly penal in its character, and rather ambiguous in its terms, as to the time from which the computation shall be made ; and applying to it the well known rules of construction, we should incline to think that the ten per centum could only be calculated from the time of the refusal, to pay upon demand, and by a computation, we ascertain that the jury have in fact computed the damages only from the time of the demand made.

It is also supposed there is error in embracing the defaults on the several executions, in one motion. There can be no doubt this would have been irregular, if by taking issue on the notice in which they are all embraced the objection, had not been waived. If separate suits had been commenced, they might have been consolidated on motion; that appears to have been done here by the consent of the parties.

In these summary proceedings, where the judgment is by default, the *judgment* must show affirmatively, every fact necessary to give the Court the summary jurisdiction, and must also shew the facts upon which the liability of the defendant de-

pends; but where the defendant appears and an issue is tried, the verdict ascertains the liability of the defendant, as it does in other suits prosecuted in the ordinary mode.   As an issue was tried here, the only question is, whether the facts necessary to give the Court jurisdiction appear—we think they do.   The motion is to be made in the Circuit or County Court, when the ten per centum damages will exceed fifty dollars.

The jury find all the allegations of the notice to be true, and as the issue is made up on the notice, we must look to that to ascertain the facts put in issue.   The default charged, is the failure to return four executions, which are particularly described.   The smallest in amount, is twenty-nine dollars forty-four cents, and as the demand was made on the 8th July, 1838, and the trial had at the fall term, 1840, it will be seen that the ten per centum, per month, on that sum for the intervening period, will greatly exceed fifty dollars, and that therefore, the Circuit Court had jurisdiction, in each of the cases which were thus by consent, consolidated.

It results from this examination, that there is no error in the record, and the judgment must be affirmed.