## THE STATE v. DUNHAM.

1. The 11th section of the 8th chapter of the "Penal Code," which authorizes the entry of a *nolle prosequi* where the accused will not assent to the amendment of the indictment, and the variance between the allegations and the proof adduced, is such as will authorize · his acquittal, cannot be extended by construction, so as to permit a *nolle prosequi* to be entered, and a new indictment, with allegations materially dissimilar, to be preferred. Such second indictment will not come within the saving of the section in respect to the statute of limitations.

On points referred from the Circuit Court of Greene.

THE defendant was indicted at the fall term of the Circuit Court of Greene for selling goods without license, as a pedlar. The indictment charged, that he "did sell, absolutely, to one Henry Williams, goods, to wit: one bonnet and one pair of shoes, not manufactured in the State of Alabama," &c. To this indictment, the defendant pleaded "not guilty, and the statute of limitations." The cause was submitted to a jury, who returned a verdict, and assessed a fine of two hundred dollars; and a judgment was rendered accordingly.

It was proved at the trial, that the defendant sold to Henry Williams the articles mentioned in the indictment in the spring of 1842—there was no proof that he had sold any thing as a pedlar since that time. To counteract the operation of the statute of limitations, the Attorney General introduced an indictment found at the fall term of the Circuit Court, holden in 1842, which charged the defendant with having sold, on the 5th day of September, 1842, as a pedlar, to Joshua A. Lowe, "one hair comb, without having first taken out a license, agreeably to law." He then showed by the minutes of the same court, holden in the spring of 1845, that he entered a *nolle prosequi* upon this indictment, in consequence of a material variance between the allegation and the proof then adduced; the defendant refused his assent to the amendment of the indictment, and was thereupon recognized to answer another, to be preferred against him.

The State v. Dunham.

The defendant then proved that Joshua A. Lowe was not present when he sold the articles specified in the indictment, in the present case.    Upon this proof, it was decided that the first indictment, *nolle prosequi* thereon, and subsequent proceedings, prevented the statute of limitations from operating a bar ; although the defendant prayed the court to charge the jury, that if he was not recognized to answer, or indicted for, the offence alledged, within twelve months after its commission, the statute operated a bar.    The questions of law arising upon the ruling of the Circuit Court, have been referred as novel and difficult.

ATTORNEY GENERAL, for the State.

J. B. CLARKE, for the defendant, cited Clay's Dig. 439, §.11; 562, § 27 ; Archb. Cr. L. 170, a.

COLLIER, C. J.—The point referred to this Court, presents but a single inquiry, viz : does the entry of *nolle prosequi* upon the first indictment, and the consequent proceedings, bring the case within the 11th section of the 8th chapter of the Penal Code, so as to prevent the operation of the act which limits the prosecution of misdemeanors to one year after the commission of the offence. [Clay's Dig. 444, § 38.] The provision of the Penal Code referred to, is as follows : " Whenever, in the progress of a criminal trial, it shall be found that there is such a material variance between the allegations of the indictment and the proof adduced, as will, for that cause, authorize the acquittal of the accused, and he shall not assent to the amendment of the indictment, so as to correspond with the proof, it shall be lawful for the solicitor with the leave of the court, to enter a *nolle prosequi*, at any time before the jury shall retire, and prefer another indictment at the same, or any subsequent term of the court, and the period of time elapsing between the preferring of the first indictment and the second, or other subsequent indictment, shall be deducted from any term limited for the prosecution of the offence, for which the accused is indicted." [Clay's Dig. 439, § 11.]

The offences charged in the first and last indictment are

unquestionably of the same description, yet they are entirely dissimilar in their material allegations. True, they each of them charge the defendant as the offender against the law; but there is nothing to indicate that they were each intended to punish the same offence. The first charges the selling of *one hair comb to Joshua A. Lowe;* while the latter charges the sale of *one bonnet and one pair of shoes to Henry Williams.*

We cannot think that the enactment under consideration, contemplated an amendment of every constituent of the offence, and upon the refusal of the defendant to assent to it, that the State's counsel might enter a *nolle prosequi,* and indict the defendant anew, without prejudice as it respects the statute of limitations. In an indictment for a horse, hog, &c. it would doubtless be permissible to force the defendant to consent to an amendment as to the color or sex of the animal, or else submit to another indictment without prejudice. But the statute cannot be carried so far as to shield from the operation of the act of limitations a second indictment for stealing a cow, where the first charged the larceny of a hog, or a horse. So the vending by a pedlar of a piece of cotton cloth, where the proof showed the fabric to be hemp or flax, would be such a variance as the framers of the statute had in view.

Notwithstanding the great liberality with which amendments are tolerated in civil proceedings, we have repeatedly held, that the plaintiff shall not, in his declaration, be permitted to make a *radical departure* from the cause of action indicated by his writ. Thus where the sole ground of action indorsed, was a note for the payment of a certain number of horses to A, the plaintiff should not be allowed to declare upon a note for the payment of cows to B. If this be the law in respect to civil actions, is greater latitude permissible in criminal proceedings? Upon principles of analogy, we think not.

In the case at bar, the defendant was charged in the first indictment, with selling a hair comb to Joshua A. Lowe, and in the second, one bonnet and one pair of shoes to Henry Williams. The cases are essentially different, as it respects the proof by which they are to be made out, though the law may

award to each the same measure of punishment. The last indictment makes a new case, is an entire departure from the first, and cannot claim the sanatory influence of the statute, which the Circuit Court applied.

The judgment is consequently reversed.