## COBB v. MILLER, RIPLEY & Co.

1. It is irregular to join two distinct matters of abatement in the same plea, and a demurrer will be sustained for that cause.
2. Where an attachment issues at the instance of one non-resident against another, the affidavit should state that the defendant had not sufficient property to answer the debt within the State of his residence, not only within the *knowledge*, but within the *belief* of the party taking the oath.
3. Although the 12th rule for the regulation of the practice in the Circuit and County Courts, directs that "no plea in abatement shall be received, if objected to, unless by the indorsement of the clerk, it appears to have been filed within the time allowed for pleading," it is notwithstanding competent for the court, under some circumstances, to allow such a plea to come in at a later period.
4. A demurrer to a plea in abatement does not reach the question, whether it was filed at the time prescribed by the rule, or the statute.

Writ of Error to the Circuit Court of Randolph.

THIS was an action commenced by attachment, at the suit of the defendants in error, against the plaintiff—all of the parties being non-residents. The defendant below pleaded two pleas in abatement, in all respects similar to those pleaded in Cobb v. Force, Brothers & Co., 6 Ala. Rep. 468. To these the plaintiffs demurred, and their demurrer was sustained. In the transcript, we find the following entry, viz:— "On motion of defendant, and on sufficient reasons appearing to the court, notwithstanding the plaintiff's objection, leave is given to the defendant to plead in abatement, which is done; and on plaintiff's application, leave is given them to reply by the first day of the next term of this Court—and this cause is continued." The attachment was made returnable to the fall term, holden in 1842, and the pleas were filed in May, 1843.

Upon the defendant's refusal to plead over after the demurrers were sustained, a judgment was rendered in favor of the plaintiffs, on the verdict of a jury.

S. F. RICE, for the plaintiff in error.

L. B. ROBERTSON, for the defendants in error.

COLLIER, C. J.—The case of Cobb v. Force, Brothers, & Co. *supra*, determines that the first plea is bad, because it unites two distinct matters in abatement ; and maintains that the second plea is good, because it alledges a defect in the affidavit upon which the attachment issued. It is also held, that in an attachment by one non-resident against another, the affidavit should show that the defendant has not sufficient property within the State of his residence to answer the debt, within the *belief* as well as within the *knowledge* of the person making the affidavit. This view is conclusive to show that the second plea is good in substance and form, if well pleaded, and the only question is, was the plea filed in due time.

The 12th rule for the regulation of the " Practice in the Circuit and County Courts," (5 S. & P. Rep. 11,) declares that " no plea in abatement shall be received, if objected to, unless by the indorsement of the clerk, it appear to have been filed within the time allowed for pleading." There is nothing in the record to show that the plaintiff's declaration was in court previous to May, 1843, and although it may have been competent for defendant to have pleaded to the attachment, yet he might have awaited the filing of the declaration ; for until this was forthcoming, the plaintiff's cause of action was not so disclosed as to entitle him to proceed to judgment. Besides, it cannot be assumed, in the condition of the record, that the statutory time for pleading had not been extended at the fall term of 1842. [Sturdevant v. Gaines, 5 Ala. Rep. 435 ; Comstock, et al. v. Meek & Co. 7 Ala. R. 528.]

The cases cited, clearly indicate that the rule of practice is not so imperative as to require a literal compliance with its terms. They show that a departure is sometimes allowable, and may become entirely proper, by the act or omission of the plaintiff. Although the act of 1839, " to abolish attorney's fees in certain cases," directs *in totidem verbis*, that the defendant shall plead to the merits within the first week of the appearance term, or forfeit his right to make any defence

thereafter, is imperative in its terms, yet it must be so construed as to authorize the court in which the suit is pending, in its discretion, to permit the defendant to plead at a subsequent term. [Sally, use, &c. v. Gooden, 5 Ala. Rep. 78.]

In Powers v. Bryant's adm'r, 7 Por. Rep. 9, it was said, that " the phraseology of this rule would intimate, that the want of an indorsement, such as it contemplates, must be objected to, before the reception of the plea, or it cannot be afterwards raised." That a demurrer admits the plea to be in file, and merely objects to its sufficiency on the ground that the facts disclosed, do not constitute an available defence, or else are not presented in such form as to make it unexceptionable. [See also Callison v. Lemons, 2 Porter's Rep. 145; McCutchen v. McCutchen, 8 Ib. 151.] These citations are conclusive to show, that the demurrer does not present the question whether the pleas were filed in time. As it respects the plaintiff's objection to filing them, it may be quite enough to say, that the reasons upon which it was founded do not show that leave was granted by the court in despite of the law ; and we have seen that consistently with the record, there may have been such a state of things as warranted the permission. All reasonable intendments are made in favor of the decisions of subordinate jurisdictions. [Minor's Rep. 395; 3 Stew. Rep. 444; 3 Ala. Rep. 109, 536, 552, and many other adjudications of this court affirm this doctrine.

We cannot then say that the pleas should have been disallowed. It follows that the court erred in sustaining the demurrer to the second plea—that the judgment must be reversed and the cause remanded.