## ELLISON, et al. v. MOUNTS.

1. A plea in abatement to an attachment, because it was issued without affidavit, and because the writ, though properly addressed, commands the plaintiff *eo nomine* to attach the defendant's estate, is bad, because it unites two distinct matters of abatement, and might be stricken out on motion. The defendant, therefore, in such a case, is not prejudiced by the refusal of the court to compel the plaintiff to join issue upon it.
2. The refusal to quash an attachment, is not revisable on error.

Writ of Error to the County Court of Walker.

THE defendant in error caused an attachment to be issued against the estate of the plaintiffs, returnable to the county court. At the return term, the defendants below moved to quash the attachment "for want of a sufficient bond, and other irregularities alledged by the defendants to be apparent on the face of the proceedings;" which motion was overruled and the plaintiff ordered to enter into a new bond. Afterwards, and at the next term, the defendant filed his plea in abatement, alledging that the attachment was issued without the plaintiff having first made an affidavit according to

the statute; and further, because the attachment, instead of being directed to any sheriff of the State of Alabama, and commanding him to attach the defendant's estate, requires the plaintiff himself to perform this service. The time when this plea was filed, was not indorsed as required by the twelfth rule of practice, and the plaintiff objecting to its reception, "as not filed within the time allowed for pleading, the court refused to compel the plaintiff to accept the same and join issue thereon." The defendants then offered to prove by the clerk, that the declaration was not filed at the appearance term; but this was denied by the court. Thereupon, the defendants pleaded *non assumpsit*, and the cause was submitted to a jury, who returned a verdict for the plaintiff, on which judgment was rendered.

P. MARTIN, for the plaintiff in error.

T. M. PETERS, for the defendant in error, cited 3 Stew. R. 172, 454; 9 Porter's Rep. 232; 1 Ala. Rep. 246; 2 Id. 287, 320; 3 Buls. Rep. 53; 7 Ala. Rep. 829; Clay's Dig. 610, rule 12.

COLLIER, C. J.—The refusal to quash an attachment, is not revisable on error. Instead of entertaining the motion, even where the suggestion upon which it is made is well founded, the primary court may put the defendant to a plea in abatement. A defect in the bond, or the want of a bond, as well as the error pointed out in the writ itself, may be corrected by the substitution of a proper bond, and the amendment of the writ, so as to require the sheriff to whom it is addressed to attach the defendant's estate, instead of commanding the plaintiff himself to perform this service. [Reynolds v. Bell, 3 Ala. Rep. 57; Massey v. Walker, 8 Id. 167; Johnson v. Wren, 3 Ala. Rep. 172; Lowry v. Stowe, 7 Por. Rep. 486; Alford v. Johnson, 9 Ibid. 320; Clay's Dig. 54, § 3.]

In Cobb v. Miller, Ripley & Co. 9 Ala. Rep. 499, we say that it is indicated by several previous adjudications, that the twelfth rule for the regulation of the "practice in the circuit

and county courts," which declares that "no plea in abate-ment shall be received, if objected to, unless by the indorse-ment of the clerk, it appear to have been filed within the time allowed for pleading," is not so imperative as to require a literal compliance with its terms. And it is strongly inti-mated that a defendant is not bound to plead in abatement of an attachment, until the plaintiff's declaration was filed. But if it be conceded that it were competent for the defendant to show when the declaration was filed, and that his plea was tendered in due season thereafter, and that the rejection of such evidence was revisable, in the present case we think no error prejudicial to the defendant has resulted from the ruling of the county court. The plea which the defendant offered, prays that the attachment be quashed for two distinct causes. 1. Because it was issued without an affidavit having been made, such as the statute requires. 2. Because the writ of attachment (though properly addressed) commands the plain-tiff *eo nomine* to attach the defendant's estate.

In Cobb v. Force, Brothers & Co. 6 Ala. Rep. 468, it was determined that a plea which unites two distinct matters of abatement, is bad. This decision was re-affirmed in Cobb v. Miller, Ripley & Co. 9 Ala. Rep. 499. We have repeatedly held that pleas in abatement do not come within our statutes of amendment, and are not amendable according to the prin-ciples of the common law. As, then, the plea which the de-fendants filed was bad, and might have been stricken out on motion, or adjudged bad on demurrer, and could not have been amended, they are not prejudiced by the rejection of the evidence they offered to the court. It therefore follows, that the judgment of the county court must be affirmed.