## FOSTER *vs.* THE STATE.

[INDICTMENT FOR TRADING WITH SLAVE.]

1. *Sufficiency of recognizance; limitation of prosecution.*—An indictment for selling liquor to a slave, "whose name and whose owner are unknown to the jurors," although fatally defective on demurrer, contains a sufficient description of the offense charged to uphold a recognizance, based thereon, for the appearance of the defendant at the next term to answer a new indictment; and if a new indictment is found at the next term, although after the lapse of twelve months from the commission of the offense, (Code, §§ 3374, 3376,) the statute of limitations is no bar to the prosecution.

ERROR from the Circuit Court of Russell.
Tried before the Hon. ROBERT DOUGHERTY.

The indictment in this case, which was found at the February term, 1861, charged, "that Nancy Foster did sell, give, or deliver, to a slave named Moses, belonging to James Chapman, vinous or spirituous liquor, without an order in writing," &c. The defendant pleaded not guilty, and the statute of limitations of twelve months; and issue was joined on these pleas. On the trial, as the bill of exceptions shows, the State proved, that the offense charged

was committed in December, 1859; and that at the March term, 1860, an indictment was found against the defendant, which charged, that she "did sell, give, or deliver, to a certain male slave, whose name and whose owner are unknown to the jurors, vinous or spirituous liquors, without an order in writing," &c. The former indictment was read in evidence, "and also a judgment entry in relation thereto, made at the August term, 1860," in the following words:

"The State ⎱ August 21, 1860. This day came
     *vs.* ⎰ the State, by its solicitor, and the de-
Nancy Foster. ⎰ fendant in person, who, by attorney, demurs to the indictment; which demurrer was sustained by the court; and the defendant refusing to allow the indictment to be amended, it is ordered by the court, that this prosecution be *nol-prossed*, and that the defendant be recognized, in the sum of two hundred dollars, for her appearance at the next term of this court, to answer a new indictment. And now, in open court, come John M. Philips, Walter A. Weems, and George C. Huguely, and consent to be recognized, in the sum of two hundred dollars, for the appearance of the defendant at the next term of the court."

"On the foregoing evidence, the court charged the jury, that, if they believed the evidence, the statute of limitations was no bar or defense to the prosecution. The defendant excepted to this charge, and requested the court to instruct the jury, that although they might believe, from the evidence, that an indictment was found against the defendant at the March term, 1860, and that the same was *nol-prossed* by the court, and the defendant ordered to give bond for her appearance at the then next term of the court, to answer an indictment to be preferred against her, and that another indictment has been found at this term of the court; yet, if it is not proved that this indictment is for the same offense for which the other indictment was found, and if the jury believe, from the evidence, that the offense was not committed within one year before the finding of this indictment, they must find the defendant not

guilty. The court refused this charge, and the defendant excepted to its refusal."

The charge given by the court, and the refusal of the charge asked, are now assigned as error.

GOLDTHWAITE, RICE & SEMPLE, for the plaintiff in error. As the offense proved on the trial was committed more than twelve months before the indictment was found, the prosecution was clearly barred by the statute of limitations, unless the case falls within some exception to the general rule. But neither of the statutory exceptions relied on is applicable. Section 3530 of the Code applies only to cases of variance—that is, actual misdescription—and does not include the mere omission of necessary allegations. Section 3532 is confined to two specific classes of cases: (1st) where the judgment is arrested, and (2d) where the indictment is quashed; neither of which is the case at bar. Section 3376 does not apply, because the record does not show that the defendant was "bound over" to answer a new indictment: it simply shows that she was "ordered to be recognized," and that three other persons thereupon appeared, "and consented to be recognized for her appearance." This wholly fails to show a recognizance by her, and would not support a *scire facias* or forfeiture against her.

M. A. BALDWIN, Attorney-General, for the State, contended that the case fell within the provisions of sections 3530, 3532, and 3376 of the Code.

STONE, J.—The only defense relied on in this case, is the twelve months statute of limitations in the prosecution of misdemeanors.—Code, § 3374. The bill of exceptions recites, that the offense was committed in December, 1859; that at the March term, 1860, the grand jury of the proper county found a true bill, charging that Nancy Foster " did sell, give, or deliver, to a certain male slave, whose name and whose owner are unknown to the jurors,

vinous or spiritous liquor, without an order in writing,"
&c.; that at the August term, 1860, a demurrer to this in-
dictment was sustained by the court, and the defendant or-
dered to be "recognized, in the sum of two hundred dol-
lars, for her appearance at the next term of this court, to
answer to a new indictment;" and that thereupon she was
so recognized, with her three sureties. The indictment on
which the defendant was tried, was found at the February
term, 1861, and charged, that the defendant "did sell, give,
or deliver, to a slave named Moses, belonging to James
Chapman, vinous or spirituous liquor, without an order in
writing, signed by the owner or master of such slave," &c.

The Code (section 3376) declares, that " a prosecution
may be commenced, within the meaning of this chapter,
by the issue of a warrant, or by binding over the offender."
Although the first indictment was defective, in this, that it
did not sufficiently describe the slave to whom the alleged
sale was made, (see *Francois v. The State,* 20 Ala. 83;)
still the description therein contained was sufficiently spe-
cific to uphold the defendant's recognizance, based thereon,
to appear at the next court, and answer to a new indict-
ment. The judgment entry, the recognizance, and the
indictment first found, must all be construed together; and
thus construed, they sufficiently point to the indictment
which was found at the Februaay term, 1861. " It is not
required that the recognizance should set forth with tech-
nical accuracy the indictment which the State may exhibit
against the offender. This cannot well be done. But the
offense for which the party is recognized to appear may
be stated in general terms."—See *State v. Weaver,* 18 Ala.
297; *Williams v. State,* 20 Ala. 63; *State v. Eldred,*
31 Ala. 395; *Vasser v. State,* 32 Ala. 586.

It being thus shown that this prosecution was com-
menced, by " binding over the offender," in August, 1860,
it is clear that the statute of limitations could not avail
the defendant. The circuit court did not err in the charge
given, nor in the refusal to charge as asked.

We need not inquire whether this case is brought within

the influence of section 3532 of the Code.—See *Rex v. Wheatly*, 2 Burr. 1127 ; 5 Bac. Abr. 94 ; *Rex v. Johnson*, 1 Wilson, 325; *Rex v. Inhabitants of Hilton*, 1 Salk. 372; *Leyton's case*, Cro. Car. 584 ; *King v. Wynn*, 2 East, 226 ; *Rex v. Webb*, 3 Burr. 1468 ; *U. S. v. Cooledge*, 2 Gallison, 364 ; *Reynolds v. Bell*, 3 Ala. 57; *Massey v. Walker*, 8 Ala. 167 ; *Ellison v. Mounts*, 12 Ala. 472 ; *State v. Krebs*, 8 Ala. 951 ; *State v. Dunham*, 9 Ala. 76 ; *Willingham v. State*, 14 Ala. 539 ; *State v. English*, 2 Missouri, 182 ; Whar. Am. Cr. Law, § 523 ; 1 Arch. Cr. Pl. 102, note 1.

Judgment affirmed.