## Ex Parte BOLLING, in re WATTS.

[PETITION FOR HABEAS CORPUS, CERTIORARI, &C.]

1. *Respective rights of State and Confederate governments to military services of citizen.*—The "conscript laws" being constitutional, the right of the Confederate States to require military duty from a citizen, so soon as he attains the age of conscription, is paramount to the right of the State to retain him in its militia service, in which he is already serving as a volunteer.

In the matter of the petition of S. J. Bolling for the writ of *habeas corpus,* by which he sought to procure the release and discharge of Henry Watts from the custody of Lieut. George Verdery, the enrolling officer of the Confederate States for Butler county, who held and detained him as a conscript. On the hearing under the writ, before the Hon. John K. Henry, judge of the eleventh judicial circuit, it was shown that said Bolling, acting under authority of the governor, organized a company of reserves for State defense; that said Henry Watts enlisted in that company, in August, 1864, with the consent of his legal guardian; that he was not seventeen years of age at that time, but completed his seventeenth year in October following; that he was enrolled by the county enrolling officer of the Confederate States, in January, 1865, under instructions from the bureau of conscription, and ordered to report to the officer in command at "Camp Watts," as belonging to the junior reserves under the act of congress approved February 17, 1864. On these facts, the circuit judge held that the enrolling officer was entitled to the custody of said Henry Watts, and therefore dismissed the petition. To this ruling and decision a bill of exceptions was reserved by Capt. Boll-

ing; on which he now applies to this court to revise the decision. By agreement of record in this court, the facts were admitted; and it was consented that the court might render a final judgment on the merits, without a formal return to the writs of *habeas corpus* and *certiorari*.

H. A. HERBERT, for the petitioner.
BENJ. F. PORTER, for the Confederate States.

STONE, J.—We do not think there is any thing in the argument, urged in this case, that the State of Alabama had first availed itself of the services of the petitioner, in its militia service. Until he reached the age of seventeen, he was not liable to enrollment in the army of the Confederate States; and, hence, so far as the claims of the Confederate States were concerned, he was at liberty to enlist in the State service. When, however, he became seventeen years of age, the claim of the Confederate States attached to him as a conscript. We have heretofore held, that the conscript laws are constitutional, (*Ex parte Hill*, 38 Ala. 428,) and we have also ruled, that when the lawful call of each government, Confederate and State, to perform military service, falls on the same person, the claim and call of the Confederate States must prevail over the claim and call of the State government, on the ground that the constitution of the Confederate States, and the laws made in pursuance thereof, are the supreme law of the land.—See *State, ex rel. Dawson, in re Mays & Strawbridge; State, ex rel. Graham, in re Emerson*, at last term. Holding that, in a case like the present, the claim of the Confederate government is paramount to that of the State, we think the circuit judge rightly refused to enlarge the petitioner on *habeas corpus*.

The prayer of the petitioner is refused.