# Coleman *v.* The State.

*Indictment for Embezzlement.*

1. *Judgment-entry when new indictment ordered to be preferred for variance or other defect ; what should contain.*—When, under the Code, a new indictment is ordered to be preferred against a defendant—either for a variance, under a section 4817, or on account of an insufficient description, or other defect, under section 4819, the judgment-entry should show, in order to prevent the running of the statute of limitations, under the provisions of section 4820, that a *nolle prosequi* was entered, or that the indictment was quashed, or otherwise disposed of; and if a *nolle prosequi* is entered for a variance, the entry should further show that the order was made before the jury retired.

2. *Same ; when insufficient.*—Hence, a judgment-entry reciting that there was "a misdescription in the indictment of matter therein stated," and that the defendant had refused to allow it to be amended, "so as to conform to the correct description," and holding the defendant to bail in a stated sum "to await any new indictment that may be found against him for the same offense," without more, is insufficient to prevent the running of the statute of limitations, whether the order was made under section 4817, or under section 4819 of the Code.

3. *Same ; when defendant entitled to an acquittal.*—If, in such case, the bar of the statute of limitations is complete, the defendant is entitled to an acquittal, unless the judgment-entry is amended *nunc pro tunc*, curing the defect.

APPEAL from the City Court of Montgomery.
Tried before Hon. THOMAS M. ARRINGTON.

The facts are sufficiently stated in the opinion.

JNO. GINDRAT WINTER for appellant.—The judgment-entry is not a substantial compliance with the form laid down, nor with the terms of the statute. It fails to set out the variance. It fails to show that the prosecution was dismissed, and that another indictment was ordered to be preferred.—Code of 1876, §§ 4816–17. The second indictment was not, therefore, connected with the first so as to come within the terms of section 4820 of the Code, and hence, the offense charged was barred by the statute of limitations.

H. C. TOMPKINS, Attorney-General, for the State, cited *Foster v. The State,* 38 Ala. 425 ; *Weston v. The State,* 63 Ala. 155.

STONE, J.—The offense, a misdemeanor, for which the defendant was tried, was committed in December, 1880. The

[Coleman v. The State.]

indictment, under which he was tried and convicted, was found at the July term, 1882, more than twelve months after the offense was committed. The offense was consequently barred by limitation, unless the record shows a state of facts which takes it out of the operation of the statute. It is contended, and was so ruled in the court below, that the record facts in this case do bring it within the saving influence of sections 4816 to 4820, inclusive, of the Code of 1876; and this presents the only question for our consideration. All those sections relate to errors and imperfections in indictments, how they may be amended and cured, and the effect of the amendment when made.

The statutes we have referred to are very liberal in their provisions. Section 4816 allows an amendment with the consent of the defendant, "when the name of the defendant is incorrectly stated, or when any person, property, or matter therein stated is incorrectly described." Section 4817 declares the rule to be observed, when one of the defects pointed out in section 4816 occurs, and the defendant will not consent to an amendment. "The prosecution may be dismissed at any time before the jury retires, . . and the court may order another indictment to be preferred, . . in which case an entry of record must be made," etc. The form given requires the variance to be set out in the judgment entry. Section 4818 does not bear on this case, except that it requires the judgment entry to state that "the indictment is lost, mislaid or destroyed." Section 4819 provides that "when the judgment is arrested, or the indictment quashed on account of any defect therein, or because it was not found by a grand jury regularly organized, or because it charged no offense, or for any other cause, the court may order another indictment to be preferred for the offense charged, or intended to be charged; and in such case an entry of record must be made, setting forth the facts." Section 4820 directs that when a new indictment shall be preferred under either of the sections 4817–8-9, described above, the time elapsing between the finding of the first and second indictments shall not be computed in estimating the limitation.

In the trial of this cause the proof showed the following state of facts: At the February term, 1881, the grand jury found and returned into court a true bill, charging that the defendant, as agent of Laura Frazier, had embezzled fifteen 75-100 dollars, which he had received from her, to be used by him as such agent "in paying a fine and costs which had been assessed against a brother of said Laura Frazier, and which said Coleman had promised to do." At the February term, 1882, the following judgment entry was spread on the minutes of the court:

[Coleman v. The State.]

"The State
  *vs.*        } Embezzlement.
Boots Coleman.

"There being a misdescription in the indictment of matter therein stated, and the defendant refusing to allow the indictment to be amended, so as to conform to the correct description, the defendant is held in the sum of one hundred and fifty dollars to await any new indictment that may be found against him for the same offense." No other or fuller entry is shown to have been made of record, nor are we informed, except to the extent shown in the said judgment entry, what disposition was made of the indictment first found. The second indictment, under which the trial and conviction were had, differed from the first only in the averment that the money was placed in the hands of the defendant Coleman "to be used by him in paying a fine and costs which had been assessed against one Robert Wright, and which the said Coleman had promised to do;" thus describing the person by name in whose exoneration the money was agreed to be paid.

The indications of the minute entry copied above, as far as it gives indication, are, that in remedying the defect in the first indictment, attempt was made to conform to the provisions of section 4817 of the Code. If so, it failed to "set out the variance," which rendered a new indictment necessary, as prescribed by that section, and the form given. In a proceeding under a statute, such as this, it would be well to conform to all that is substantial in the statutory requirement. Such statutes are scarcely entitled to a liberal construction.—*State v. Kreps,* 8 Ala. 951. But we need not inquire whether the failure to *set out the variance,* or what it consisted in, if there were no other defect, would be enough to reverse the judgment. There are other defects.

It would seem that in this case the question was not one of variance. There is nothing in the record to show that the "brother of the said Laura Frazier," mentioned in the first indictment, is not the "Robert Wright" described in the second. If so, it was not a question of variance, but of insufficient description. For such imperfection the judgment might be arrested, or the indictment quashed, and a new indictment preferred, under section 4819 of the Code. But, in this case, as in the other, an entry of record must be made, setting forth the facts. The difference consists in the different facts to be set forth. In the latter case, it would be sufficient if the minute entry showed the judgment was arrested, or the indictment quashed for a defect in the latter, or in its finding, as the case might be.

[Gordon v. The State.]

The minute entry in this case, relied on as preventing the running of the statute of limitation, is wholly insufficient. It fails to show the first indictment was quashed, nol-prossed, or otherwise disposed of. This is necessary under either of the sections of the Code referred to above. And if a *nol. pros.* was submitted to for a variance, under § 4817 of the Code, the minute entry should show it was done before the jury retired.

We have been referred to *Foster v. The State*, 38 Ala. 425, and *Weston v. The State*, 63 Ala. 155. The first of these cases raised no question on the sections of the Code we have been considering. The offense in that case was not barred, when the second indictment was found. The case of Weston arose under § 4819 of the Code, and no question was considered, bearing on the sufficiency of the minute entry. It showed affirmatively that the indictment had been quashed, for irregularity in the organization of the grand jury by which it had been presented. They shed no light on this case.

The minute entry, under which the second indictment was found, is so defective, that, in its present form, the defendant can not be convicted. We can not know there is nothing in the court below, by which it can be amended *nunc pro tunc.* Without such amendment the defendant is entitled to an acquittal.

Several rulings of the court are not reconcilable with these views. Reversed and remanded. Let the defendant remain in custody until discharged by due course of law.