# McClellan *v.* The State.

### *Indictment for Larceny.*

1.  *What is a variance.*—If an indictment charges the larceny of two sacks of twine and the proof shows that the twine, when taken by the defendant, was not in sacks, but was put in sacks after the caption, the variance is fatal.
2.  *Indictment; when amended; what sufficient entry of record to hold defendant over.*—Under the provisions of the Code—§ § 4917, 4918—an indictment for larceny may be amended with the consent of the defendant in the matter of description of the property alleged to be stolen; and if he refuse to consent the case may be withdrawn from the jury and a new indictment preferred at that or a subsequent term of the court, provided an entry of record is made in the minutes of the court setting forth a variance and with reasonable cer-

[McClellan v. The State.]

tainty in what it consists; and where the entry is simply that the "goods stolen does not agree with the indictment" it is insufficient.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

Willis McLellan was indicted for the larceny of *two sacks* of twine from a store. On the trial the proof was that the twine when taken from the store was not in sacks. The defendant refused to consent that the indictment be amended and he was held to answer a new indictment. The minute entry was in these words, "The goods stolen does not agree with the indictment." Another indictment was found to which the defendant pleaded former jeopardy; the State demurred and the demurrer was sustained and the defendant was con-victed. The defendant appealed and assigns as error the sustaining of the demurrer to his plea. Reversed.

W. S. LEWIS, for appellant.—1. The entry made of record in holding over the defendant to answer another indictment is not sufficient under section 4918 of the Code.—*Coleman v. State*, 71 Ala. 312. (2). There was no variance between the allegations of the first indictment and the proof.—*Newsome v. State*, 107 Ala. 133.

CHAS. G. BROWN, Attorney General, *contra.*—There was a variance between the allegation of the indictment and the proof.—McLain's Criminal Law, Vol. I, Sec. 592.

McCLELLAN, C. J.—A former indictment charged the defendant —appellant here—with the larceny of *two sacks* of twine from a store house. On the trial under that indictment it was shown that the twine was not in sacks when taken by the defendant from the store house, but was put into sacks by the defendant after the caption. This was clearly a variance. The charge was of the larceny of sacks and twine contained in them, or of twine contained in sacks; the proof was of larceny of bundles of twine which had been removed from the sacks in which they were received by the owner of it and of the store; and this presents a case of misdescription of property within the terms of section 4917 and 4918 of the

Code. The defendant refusing to consent to an amendment of the indictment correcting the description, the court was authorized to stop the trial at any time before the jury retired and hold him to answer a new indictment. To do this it was necessary to make and enter of record an order to the effect that it appeared from the evidence that there was a variance between the allegations of the indictment and the proof, in that the indictment charged the taking and carrying away of two sacks of twine and the proof showed that the property taken was not two sacks of twine, but was four bundles of twine not in sacks, etc., etc. The order which was made is as follows: "This day came the State by its solicitor and the defendant with his counsel, and it appearing to the court that the goods stolen does not agree with the indictment, and the defendant refusing to allow the indictment to be amended, the case is dismissed by the State before the jury retired, and the defendant is bound over in the sum of one hundred dollars to await another indictment." It is clear to us that this order was insufficient. It is of the substance of the statutory requirement that the record should show a variance and, with reasonable certainty, in what it consisted, and this whether a strict or liberal rule of construction be adopted. The court's power to take the case from the jury and to order a new indictment is purely statutory, and its exercise is rested upon the fact of a variance between the averments and proof; and the statute itself requires that this predicate must be set forth in the order. The order made here not only does not set out the variance, but it fails to show that any variance whatever appeared from the evidence. According to the order the only thing that did appear was that "the goods stolen does not agree with the indictment." This might well have been true and yet there have been no variance at all. The recital of the order would have been supported if it had appeared from the evidence that defendant took one sack of twine, and not two, as charged in the indictment, and yet, of course, such want of agreement between the averment and proof would not have been a variance. *Kreps v. State,* 8 Ala. 951; *Coleman v. State,* 71 Ala. 312.

[Howard v. The State.]

The defendant's second plea presented a good defense to this indictment, and the court erred in sustaining the demurrer to it.

Reversed and remanded.