*489 In a few hours after, the sheriff, on the same writ,, without giving up the bail-bond, attached the share in the theatre. Afterwards Brinley, another creditor of N. B.,. attached the same share, subsequent to the attachment of Smith, who went on with his suit, and levied his execution on the same share in the theatre.
The deputy sheriff made return on Stnith’s writ that he had attached the share, but took no notice of the previous arrest; and as the sheriff’s return was not traversable, Brinley lost the benefit of his attachment.
For the sheriff it was contended, that although it was not usual to take both the body and estate, yet there was nothing in the law which prohibited it; that it was his duty to take estate, if he could find it; and if he did not know of any at the time of the arrest, he might, when he discovered any, well release the body, and take the estate; that this was no .false return; the officer has returned nothing but the truth, which was that he did, at such a period, attach the share in the theatre; that if it was a false return, it was no injury to the plaintiff, because the whole had been done and completed before the plaintiff attached the property, and so he had sustained no injury; and that if any person could take advantage of it, the debtor was the person, and he only.
But it was said by the Court, in their directions to the jury, that it was clear that by law an officer could not take both body and estate; that when he had taken the body, the writ was function officio, completely executed, and no further proceedings could be had thereon by the officer, except * to make his [ * 562 ] return; that the return was clearly false, as the officer, though he had returned nothing but the truth, had not returned the whole truth. If he had, the plaintiff would have had his remedy on the property, and could have controverted the first return. They were also of opinion that it was a special damage to the plaintiff, who might maintain his action therefor (1).

Verdict for plaintiff.

 [Almy & Al. vs. Walcott, 13 Mass. 73.—Ed.]