Parker C. J.
delivered the opinion of the Court. The first ground taken in defence is, that the defendant being in orison on the execution in favor of Whitmore on a judgment recovered on this note, at the time when this action was commenced, she was not liable to this action. The authorities cited to support this position fall far short of it. The first merely decides, that when an arrest of the body is made on mesne process, estate being attached on the same writ, the attachment or the arrest is void, according to the fact of its being first or last made. Brinley v. Allen, 3 Mass. R. 561. The next case cited, so far as it touches the question, is directly against the position of the defendant.
The present plaintiff was liable as indorser to Whitmore, on whose execution the defendant was in. prison. Nothing would discharge the plaintiff from Whitmore’s claim upon him (admitting no loches) but a satisfaction of the judgment by the defendant. The plaintiff had a right to pay the debt and look to the defendant’s property for his security ; and, which is the second point in the case, had a right to this action of money had and received ; as was decided in the case of Wild v. Fisher, 4 Pick. 421.[1]
It is then insisted, that Whitmore having, when he sued, filled up the indorsement over the name of Cushing, who was the payee and first indorser, all subsequent indorsers were thereby discharged, and therefore the plaintiff paid the money in his own wrong, and having so done, is not entitled to his action against the maker. I have looked at the authorities cited, and do not find that they support this objection. They merely decide, that the holder may strike out all subsequent indorsers and declare upon an indorsement to himself of any one whom he intends to charge, or maintain his action in this way against the acceptor or maker. If he does not strike them out, there *52 seems to be no reason why he should not have recourse to them after he has failed to recover against the one first sued, if they are otherwise liable.[2]

Judgment for plaintiff.

 See Ellsworth v. Brewer, 11 Pick. 316; Olcott v. Rathbone, 5 Wendell, 490; Bayley on Bills (2d Am. edit.), 390 to 392, in notes.

 See Talbot v. Clark, post,,51.