## McGehee v. Childress.

1. The plaintiff declared in assumpsit on a note for $1500, to be paid on the happening of a certain event; and averred that the event had happened, as appeared by an indorsement on the note. It was held, that this was sufficient to warrant a judgment by default final for the amount, there being no plea.
2. Suffering a judgment to be rendered by default, is an admission of the plaintiff's cause of action as laid.

This was an action of assumpsit, determined in Greene Circuit Court. The suit was brought on a note, which was transcribed in the record in these words: "I promise to pay James Childress, or order, the sum of fifteen hundred dollars, as soon as possession can be given of the plantation that Francis Megee is now living on, known by the name of the French grant, marked E. E. for value received, this 26th day of December, 1822.

ABRAHAM McGEHEE.

Test, Thos. C. Farish.

On which there was the following indorsement: "I acknowledge of receiving possession this day of the within described land, agreeable to contract, February 8, 1828.

ABRAHAM McGEHEE.

Witnesses, Jno. Cocke, A. Holloway."

The declaration alleged, "that on the 26th of December, 1822, the plaintiff was the proper owner, and legally authorized to sell a certain plantation that Francis Megee was living on, known by the name of the French grant, (marked E. E.) situate in the county of Greene aforesaid, and in consideration that the plaintiff would give possess-

ion thereof to the defendant, he, the said defendant, on the 26th of December, 1822, by a certain writing called a promissory note, and delivered the same to the plaintiff, undertook and promised to pay the said plaintiff or order, the sum of fifteen hundred dollars, as soon as possession could be given of the plantation that Francis Megee was then living on, known by the name of the French grant, (marked E. E.) for value received. And the said plaintiff avers, that he could not reasonably sooner than the 8th day of February, 1828, give possession of said plantation; and he further avers, that on the 8th of February, 1828, at the county aforesaid, the said plaintiff did give, and the defendant did then and there receive possession of said plaintiff; and which by a certain writing signed with the proper hand of him the said defendant, of the date last aforesaid, and then and there delivered to said plaintiff, more fully appears by indorsement on the back of the promissory note, whereby the defendant, by force of the premises, on the 8th of February, 1828, became liable to pay said sum of $1500 to said plaintiff, &c. and thereupon promised, &c.   The defendant filed no plea to this declaration, and the plaintiff took judgment by default final, at the September term, 1828, of the Court, for $1572.

McGehee assigned for error, in this Court, among other things, that the declaration was uncertain and insufficient; that the judgment by default final was erroneous, and that the damages should have been ascertained by a jury.

STEWART, for the plaintiff in error, insisted that the note and the indorsement on it, were no part of the record, and could not be referred to for any purpose; that the declaration was all that could be looked to, to shew the cause of action, and sustain the judgment, and that the judgment must stand or fall by the declaration; that the declaration was insufficient for want of precision and certainty, and above all, that it was insufficient to authorize the rendition of a judgment by default final.   The instrument sued on is treated as a promissory note, whereas clearly it is not one. A written promise, to be entitled to the character and dignity to a promissory note, and to enjoy the beneficial quality of being evidence *per se* of a consideration, &c. without further proof, must be a promise to pay money absolutely, and for value received; if there be a condition, and it be contingent, or it requires any

other evidence to make it due and payable, it is no longer a promissory note. The instrument must be a promissory note at the time it is made, and if it is not then one, it never can become so by force of any fact happening subsequently. Here the plaintiff is compelled to make out his cause of action, to rely not only on the writing as made, but also on other facts which happened long afterwards, and by connecting the two acts of the defendant together, he makes it out to amount to a promissory note. It is then but written evidence of a contract, and not negotiable paper; and it should have been declared on with all the forms and averments of a special contract, with a full statement of the consideration, inducement, &c. alleging damages for the breach; and then on a judgment by default, a jury should have been empannelled to say what those damages were. The declaration does not aver with sufficient precision and certainty the matter of the indorsement, it does not appear what was indorsed and signed by the defendant on the back of the writing. The nature of the averment does not give to the defendant the proper opportunity to traverse the allegation by a plea, and were it not for the note itself, which is improperly copied into the record, and is no part of it, the Court could not yet tell what was indorsed on the writing. This contract was the proper subject for an inquiry of damages. The declaration, it is true, averred that the possession could not reasonably be delivered sooner than the 8th of February, 1828, but that was a matter which the writing, for aught of it that was set forth in the declaration, did not ascertain; and therefore should be found by a jury. It did not appear but that the possession might have been sooner delivered, in which case the damages would be much reduced.

SHORTRIDGE & ELLIS, contra.

By LIPSCOMB, C. J. The action is founded on the written instrument, signed by the plaintiff in error, whereby he promises to pay the defendant in error $1500, on the delivery of possession of the land, for value received. The declaration sets out that Childress was the rightful owner of the plantation described in the instrument; that he had sold it to the maker of the said note; that on the 8th of February, 1828, full and peaceable possession was given of the same, and that it was received by McGehee. There was no plea filed, and judgment was entered up by

default on the note, with interest from the time when the defendant obtained possession. We cannot see the least ground for supposing that the judgment by default ought to have been interlocutory in this case, as contended for by the plaintiff in error. On the happening of the contingency named in the note, it became an absolute promise to pay the sum mentioned; and after the default, there was no necessity for an inquiry of damages. The judgment by default admitted the plaintiff's cause of action as laid in his declaration.

JANUARY 1 30.