Lecat
vs.
Salle.

[a] Al. Rep. 285

---

### LITTLETON LECAT vs. GEORGE F. SALLE.

(Motion to dismiss.)

When a citation has been issued, but not served upon the defendant in error, a *sci fa. ad aud* is the proper process to coerce an appearance.

A motion to dismiss, for want of service of a citation, when made at the third term from the filing of the record, (no *sci. fa.* having issued,) will be sustained, unless the plaintiff make the requisite showing of surprise.

A motion to dismiss for want of service of process, is not such an appearance to the action, as to supersede the necessity of service of process.

SALLE moved to dismiss, for want of a citation. Something was said by the court about the same motion having been made at last term, and overruled.

GOLDTHWAITE.—The defendant appeared at last term. He appeared and moved to dismiss the case for want of a citation, as will appear from the record. The appearance which he then made cures the defect which he now complains of.

SALLE.—An appearance to dismiss is not an appearance to the cause. I knew nothing of the case from the information of the plaintiff. It was by mere accident that I knew it was on the docket. I appeared as *amicus curiæ.* The motion was a side bar motion. If the gentleman's argument were good, no case could be dismissed for want of giving the party notice. Merely because I made my bow to the court, suggesting that the case was irregularly there, he insists that I have entered my appearance to the cause.

By Mr. Justice THORNTON:

The question presented in this case, by the motion of defendant, is one of practice, which it is desirable to have settled. The writ of error was returned to this court, with the transcript, at January term, 1833. No citation accompanied the record ; but a certificate of the clerk shows, that one was issued, with the writ of error. This is the third term since the filing of the record ; and up to this time there has been no service of any process upon the defendant, to bring him into court. A motion was made at the last term, by the defendant, to dismiss the writ of error for want of such notice, and overruled. At this term the motion is renewed by the defendant, and is resisted on the ground that a similar motion was heretofore made, and also that the mere making of the motion was such an appearance as superseded the necessity of any process. By former decisions of this court, it is held, that where no citation ever issued from the inferior court, on motion, the writ of error would be quashed.[a] If one did issue, but was defective, or not served in time, then a *sci. fa. ad aud.* from this court, was the proper process to coerce an appearance.[b] It has been settled, that where process is necessary to issue from this court, in the analogous cases of *sci. fa.,* as representatives of a litigant dying after the cause is brought into this court—that a failure for two terms to prosecute the writ would be cause to dismiss the writ of error, on motion.

[a] Al. Rep. 97

[b] Al. Rep. 183

. The motion made in this cause, at the last term, was pre- <span style="float:right">Admr of Ellis<br>vs.<br>Admr Taylor</span> mature, and therefore overruled. It is competent, however, now to make it, and it will be entertained, and granted, unless the plaintiff make the requisite showing of surprise, by the supposed effect of the premature motion, and decision thereon, to be equivalent to the service of process. In which case, the writ of error will not be dismissed, but *sci. fa. ad aud.* awarded.