## REYNOLDS v. BELL.

1. A motion to quash or set aside process, is always addressed to the discretion of the Court, and though such a motion may be entertained, yet its refusal cannot be examined on error. This Court will not examine the refusal of an inferior Court to quash an attachment.

2. When the suit is commenced by attachment, it is unnecessary to carry into the declaration any of the recitals contained in the bond and affidavit, as these have no connexion with the cause of action.

Writ of error to the Circuit Court of Dallas county.

THIS action was commenced by attachment, sued out by Sackfield Brewer, as the agent of the plaintiff. The affidavit made by the agent states, that the plaintiff is a citizen of this State; in other respects it is in strict conformity with the statute, except that at the close it omits the word defendant—thus—and that an attachment is not sued out for the purpose of vexing or harrassing the said ———.

The bond is executed by Brewer in his own name, and recites that the attachment was sued out at his suit "as the agent of Bell, and is conditioned; that the said Brewer, agent as aforesaid, shall prosecute his suit with effect, or in case he fail therein, shall well and truly pay and satisfy to the said States Reynolds, all such costs and damages as shall be recovered against the said Brewer, agent as aforesaid, his heirs, &c. in any suit

or suits which may hereafter be brought, for wrongfully and vexatiously suing out said attachment ; and shall pay the said Reynolds all such costs and damages as he may sustain by the wrongfully suing out an attachment."

The bond omits in its caption to state the name of any county, but the recitals show that the attachment was returnable to the Circuit Court of Dallas county.

At the return term, a motion was submitted by one as *amicus curiæ*, to quash the attachment, because the affidavit and bond were defective. This motion was overruled.

The defendant then appeared and pleaded in abatement that the attachment is variant from the declaration, because the plaintiff is described in the former as being a resident of this State, which description is omitted in the latter; and also, because the name of the agent is altogether omitted in the declaration, and the suit is prosecuted in the name of John Bell, when it should, to accord with the attachment, be in the name of Sackfield Brewer. The plaintiff demurred to this plea, and had judgment, that the defendant answer over, which he declining to do, judgment was rendered against him.

He now prosecutes this writ of error, and assigns,

1. That the affidavit for the attachment is insufficient.

2. That the Circuit Court erred in refusing to quash the attachment.

3. That the Circuit Court erred in sustaining the demurrer to the plea in abatement.

Bolling, for the plaintiff in error.
Edwards, contra.

GOLDTHWAITE, J.—1. The conclusion to which we have arrived, renders it uncessary to examine, in this case, into the sufficiency of either the bond or affidavit.

A motion to quash or to set aside proceedings, in the nature of process, is always addressed to the discretion of the Court, and may be acted on or declined at pleasure, and we are not aware that it has ever been held error to refuse to entertain the motion. It is true, when the judgment of a Court has been had in this summary mode, we have uniformly held that its correctness might be examined on error. Planters and Merchants

Bank v. Andrews, 8 Porter, 404. But we do not consider it to be so when the Court merely refuses to entertain the motion.— There may be many reason which might influence a Court to refuse to quash, and we apprehend it is always competent to put the party to his plea or demurrer.

The third section of the act of 1833, which yet remains in force, seems to indicate that the omission of the bond or affidavit must be taken advantage of in this way; and a defective bond or affidavit, can of course, be reached in the same manner.

We are satisfied that we cannot review the decision of an inferior Court, on a motion refusing to quash process, when the same matter could be more regularly presented by plea in abatement.

2. The plea in abatement which was filed subsequently to the refusal to quash, does not bring to our view any defects in the bond or affidavit; it merely asserts that a variance exists between the declaration and the previous proceedings. We think it very clear that it was unnecessary to carry the recitals of the bond and affidavit into the declaration, because they have no connexion with the cause of action.

If, however, it was intended by this plea to assert that the attachment was sued out in the name of Brewer, and that he should have declared instead of Bell, the plea cannot be sustained; because all the proceedings sufficiently show, that the former acted as the mere agent of the latter, in whose name all the proceedings are intitled. The Circuit Court, therefore, very properly sustained the demurrer to the pleas.

There is no error in the record, and the judgment is affirmed.