## WALKER, ET AL. v. THE STATE.

1. W. enters into a recognizance with H. and as his surety, for his appearance at the next term of a Circuit court, to be held on the 4th Monday of March. Subsequently, the time of holding the court is changed to the first Monday in March, when the recognizance is estreated. *Held*, that the legal effect of the recognizance is to appear at the next court, and that it is not avoided by the change in the time of holding the court.

WRIT of error to the Circuit Court of St. Clair county.

*Sci. fa.* on a judgment *nisi* rendered on a forfeited recognizance. Walker entered into a recognizance with Wm. Hale, conditioned that the latter should appear at the then next term of the circuit court to be held for St. Clair county, on the 4th Monday of March. The legislature subsequently changed the time of holding that court, to the first Monday of March, on which day Hale was called on his recognizance, and failing to appear, it was forfeited, and judgment *nisi* rendered, which being made final, Walker prosecutes this writ of error, and assigns as error, the judgment as erroneous, and not warranted by the recognizance.

RICE, for the plaintiff in error.

THE ATTORNEY GENERAL, *contra.*

GOLDTHWAITE, J.—The legal affect of this recognizance is, that the party undertakes to render himself at the *next* term of the court. It cannot be tolerated that the public convenience shall be made to depend on stipulations of bail, nor public justice defeated upon the idea that the *time* of appearance is considered as essential in engagements of this description. We consider the recognizance as equally binding, whether the court is held on the day named, or its time of session is changed by competent authority, to any other day.

Judgment affirmed.