## MASSEY v. WALKER.

1. The refusal to quash an attachment, is a matter which cannot be re-examined on error.

2. A plea seeking to abate an ancillary attachment, on the ground that the defendant had been previously arrested and held to bail, is bad on demurrer.

3. A replication to a plea in abatement, asserting that the arrest of the defendant and pendency of the suit spoken of in the plea, are part of the proceedings in the same suit, as pleaded to, should conclude to the Court, as it is triable by the record.

4. In practice, no formal judgment of *respondeas ouster* is entered upon the sustaining a demurrer to a plea in abatement. The sustaining of the demurrer is entered on the record, and if the defendant wishes to plead over, he is permitted to do it.

5. An ancillary attachment may be sued out, although the party has been previously arrested on bail process issued in the same cause.

Writ of Error to the Circuit Court of St. Clair.

WALKER on the 30th June 1842, sued out a writ in assumpsit against Massey, returnable to the then next September term. Bail having been required, the defendant was arrested, and entered into the usual bail bond, with surety. Afterwards, on the 17th

July of the same year, the plaintiff sued out an ancillary attachment, which is returned levied.

At the return term, the defendant moved to quash the attachment, which motion was refused.

He then pleaded in abatement of the attachment—1. Because the bail writ before sued out had been executed on the defendant. In this plea the attachment is said to be the leading process in the suit. 2. A similar plea, showing the arrest of the defendant under the bail writ, and leaving out the assertion that the attachment is the leading process in the suit. Both pleas pray judgment of the attachment that it may be quashed.

The plaintiff replied to the first plea, that there was no record of any such attachment, forming the leading process in the suit, and avers that the attachment sued out is ancillary to the suit commenced by the bailable process, and that both writs formed one suit. To the second plea he demurred. The defendant took issue "in short," to the plaintiff's replication to the first plea.

The judgment only recites that the demurrer to the second plea was sustained; the issue formed on the first plea in the count was found for the plaintiff, and the defendant saying nothing further in bar, or preclusion of the plaintiff's demand, it was considered, &c., rendering a final judgment.

The defendant now assigns, that the Circuit Court erred—

1. In overruling the motion to quash the attachment.

2. In sustaining the demurrer to the second plea.

3. In deciding the issue formed on the first plea in favor of the plaintiff.

4. In not awarding a judgment of *respondeas ouster* after sustaining the demurrer.

5. In rendering judgment final upon the state of facts shown by the record.

6. In rendering final judgment, without having first awarded a judgment of *respondeas ouster*.

7. In trying the issue joined, and in not submitting it to a jury.

Rice, for the plaintiff in error, made the following points:

1. The estate of a debtor cannot be attached, on *mesne process* after his body has been arrested in the same suit. [Daniels v. Wilcox, 2 Root, 346 ; Brinly v. Allen, 3 Mass. 561.

Massey v. Walker.

2. The issue growing out of the second plea should have been submitted to a jury.

3. A judgment of *respondeas ouster* is the only proper one which can be given on the plaintiff's demurrer to a plea in abatement. [1 Lord Raymond, 338, 550; 16 John. 307; Com. Dig. 142; Burntham v. Webster, 5 Mass. 266.]

F. W. Bowdon, contra, argued—

1. The refusal to quash is not reviseable on error, (Reynolds v. Bell, 3 Ala. Rep. 57,) but the attachment is regular. [Hounshell v. Phares, 1 Ala. Rep. N. S. 580.]

2. The issue was properly *nul tiel record*, and therefore to be tried by the Court. [Gaston v. Parsons, 8 Porter, 469.] And the record shows that the defendant declined to plead over. [McCutchen v. McCutchen, 8 Porter, 151; Chilton and Bowdon v. Harbin, 6 Ala. Rep. 171.]

4. The bail writ does not preclude the suing out of the ancillary attachment. A parallel case exists under the statute, which gives a *ca. sa.* and *fi. fa.* at the same time. [Cary v. Gregg, 3 Stewart, 433.]

GOLDTHWAITE, J.—All the questions made in this case, may be briefly disposed of.

1. As to the refusal to quash the attachment, that is not a matter which is proper to be examined on error. At best, this is a motion which the Court may entertain, but cannot be controlled to do so. [Reynolds v. Bell, 3 Ala. Rep. 57.]

2. Our statutes which authorize attachments as ancillary to causes already depending, make no distinction between suits commenced by bailable process, and suits commenced in the ordinary mode. In either class, we consider the attachment proper, if the statutory course for suing it out is shown. This conclusion is decisive of any supposed merit in the second plea in abatement, to which the demurrer was properly sustained.

3. In relation to the issue growing out of the other plea, it is entirely immaterial what it was, or whether formed, to the Court or jury, as in either case it would have availed the defendant nothing. But in point of form the proper issue was *nul tiel record*, and although we do not know what was shown to the Court, as

22

evidence, we would presume error in a case where the matter was material, that the evidence supported the plea.

4. The proper judgment upon a demurrer to a plea in abatement, when the demurrer is sustained, is one of *respondeas ouster*, but in point of practice with us, no formal judgment is, in general entered ; the mode generally is, to notice the sustaining of the demurrer, upon the judgment entry, as in this case. If the defendant wishes to plead over, he does so ; if otherwise, there is no injury done. Here no formal judgment is rendered on the demurrer ; the final judgment in this cause is only rendered upon the failure to plead further.

We can see no error in the record. Judgment affirmed.

Afterwards, at another day in Court, a mandamus was moved for, on behalf of Massey, to direct the Circuit Court to set aside the ancillary attachment in this case, on the ground that at the time of its issuance and levy, the defendant was in custody under the bail writ. An affidavit was submitted, showing that Massey had never been discharged legally from the arrest, and the record of the case showed, that the motion to quash the attachment had been made and refused in the Circuit Court.

Rice, for the motion, cited, Daniels v. Wilcox, 2 Root, 346 ; Bradley v. Allen, 3 Mass. 561 ; 3 Ala. Rep. 57, 250, 363 ; 4 ib. 393, 687.

GOLDTHWAITE, J.—The statute under which the attachment in this case was sued out, provides, that whenever a suit shall be commenced in any Circuit or County Court of this State, and the defendants, or any one or more of them, shall abscond, or secrete him, her, or themselves, or shall remove out of this State, or be about to remove out of this State, or shall be about to remove his, her or their property out of this State, or be about to dispose of his, her or their property fraudulently with intent to avoid the payment of the debt or demand sued for ; and oath being made, &c., an attachment may issue, and when returned, the same shall constitute a part of the papers in the original suit, which may proceed to judgment as in other cases. [Clay's Dig. 62, § 35.]

The object of this enactment was to give the process of attachment, when any one of the enumerated causes for its issu-

ance might exist; and we can see nothing in it which limits its provisions to cases where the defendant has not been held to bail. We have held, it is true, that an ancillary attachment can not be sued out in an action of detinue, because no original attachment can be issued for such a cause of action. [Le Baron v. James, 4 Ala. Rep. 687.] But here the cause of action is such as would support an original attachment, being a liquidated debt; and therefore the ancillary one is proper, unless the previous arrest on the bailable process prevents it. In our opinion, this does not, The arrest on bailable process, has only a very remote analogy to the final process by *ca. sa.*, where the reason for the discharge from arrest, if a sufficient levy is made, is, that there is a *quasi* satisfaction by the levy; but, even in that case, we presume, a Court would require very satisfactory proof, that the levy would be productive, before it would allow the defendant to be discharged. When the process, however, is under this statute, we think there is no pretence to discharge the levy of the attachment, whatever the proceedings might be affecting the person of the debtor.

Motion refused.