## JONES & Co. v. DONNELL.

1. When an ancillary attachment in aid of a suit is sued out, the grounds upon which it issues, cannot be traversed or put in issue by the defendant.

2. Where the time of holding the court is changed by statute, after process issued, the process cannot be abated, because there is no saving in the statute.    The change of the term by law carries with it all process returnable under the pre-existing law.

3. When an issue upon a plea in abatement is found for the plaintiff, it is not error to refuse the defendant leave to plead to the action; nor is it error to submit the cause to another jury to assess the damages.

Error to the Circuit Court of Montgomery.

Assumpsit by Donnell against Jones & Co. pending the suit, and concurrent with the suing out of the *ca. ad res.* the plaintiff sued out an ancillary attachment, which is returned

by the sheriff as levied on certain property.    The *ca. ad res.* is returned executed.    Both writs were issued on the 1st January, 1845, and are made returnable to a court to be holden on the 1st Monday of March, 1845.

The defendants appeared, at a court holden for the spring term, 1845, and pleaded in abatement of the attachment as follows, to wit :

1. That they were not about to dispose of their property fraudulently, with intent to avoid the payment of the debt sued for, and were not in any way liable to have an attachment sued out against their estate, and thus, &c., wherefore they pray judgment of the attachment, and the proceedings thereon, and that the same may be quashed.

The plaintiff demurred, and his demurrer was sustained.

2. After craving and having *oyer* of the attachment, they plead that it is returnable to the first Monday of March, 1845, when by law the Circuit Court was provided to be holden on the seventh Monday after the fourth Monday of March, 1845, and that no court was, or could be, holden on the first Monday of March.

3. A similar plea, craving *oyer* of the *ca. ad res.* and attachment, and asserting their belief, that at the commencement of the suit by original writ, the plaintiff caused the writ of attachment also to be sued out.

On this the plaintiff took issue.

The plaintiff replied to the second plea, that at the time when the *ca. ad res.* and attachment were sued out, the statute provided for a court to be holden on the first Monday of March, 1845, and that after the suing out of said writs, by an act passed 27th January, 1845, the time of holding said court was changed to the seventh Monday after the fourth Monday of March.

The defendants rejoined, that the act of 27th January, 1845, contained no provision or authority by which process issued to, and returnable on the first Monday of March, should be held lawfully returnable to the court to be held on the seventh Monday after the fourth Monday of March.

The plaintiff demurred, and his demurrer was sustained by the court.

Jones & Co. v. O'Donnell.

At the trial of the issue, the verdict was for the plaintiff, and thereupon the defendant asked leave to plead over to the action, a plea of usury, which the court refused to allow unless the defendants would consent that judgment might be rendered for the sum originally loaned, with interest thereon; thereupon, as stated in the judgment entry, came a jury, who found for the plaintiff, and assessed his damages, for which judgment was given.

It is now assigned as error, that the court erred—

1. In sustaining the demurrer to the first plea in abatement.

2. In sustaining the demurrer to the rejoinder to the replication to the second plea.

3. In refusing permission to the defendants to plead over after the determination of the issue joined in the third plea.

4. In submitting the cause to the determination of a second jury, and refusing permission to plead.

5. In not refering the demurrer to the replication, which is bad, inasmuch as it concludes to. the country.

J. THORINGTON, for the plaintiff in error.

T. WILLIAMS, contra.

GOLDTHWAITE, J.—1. The first plea in abatement was properly overruled, because the defendant cannot traverse or put in issue the grounds on which the process is sued out. The statute, it is true, uses the term *original* attachment, but we have repeatedly held, these ancillary proceedings are governed by the same rules. The distinction pointed at by the statute is, between original and judicial attachments.

2. The demurrer to the rejoinder to the replication to the third plea presents the question whether the alteration of the term of a court by statute, carries with it and saves all process then issued, and returnable to the term as fixed by the pre-existing laws. We do not consider this a debateable matter, for every one must take notice of the periods at which courts are to be holden; and process, continuances, and other matters are understood, not with reference to the statutes as they are when the proceedings may be originated, but ac-

88

cording also, to such changes as the sovereign authority may direct. In Walker v. The State, 6 Ala. Rep. 350, we considered the surety to a recognizance, as bound to take notice of the change of time in holding the term of a court, and that decision seems to be conclusive of the matter now presented. The demurrer was properly sustained.

3. When a demurrer to a plea in abatement is sustained, the formal judgment is one of *respondeas ouster*, but in practice with us, this is rarely, if ever, entered, and the judgment entry merely recites, that the demurrer was overruled. If the defendant wishes to plead over, he is permitted to do so, and if he does not, no injury accrues. [Massey v. Walker, 8 Ala. Rep. 167.] If the parties go to trial upon an issue arising upon a plea in abatement, then the judgment is final if against the defendant, and the damages may be assessed. [Chitty's Plead, 403.] This is said to be the consequence of pleading a false plea, the effect of which, if found true, is to abate the suit. There was then no error in refusing to permit the party to plead over to the action, and if again submitted to the jury on the general issue, or any special defence, no injury has accrued to the defendant. But if, as the defendant supposes, and as the entry indicates, the cause was submitted to another jury, after the first had rendered their verdict on the issue in abatement, it is not an irregularity of which the party can complain, as no injury to him could possibly result from it. The other points raised, are too unimportant to require consideration, as there is no question the erroneous conclusion of the replication to the country is not a ground of general demurrer.

Judgment affirmed.