## Ex Parte PUTNAM.

1. A motion to quash an original attachment is addressed to the sound discretion of the primary court, and its discretion will not be controlled by *mandamus* from the Appellate Court.
2. When an amendment is allowed to an original attachment by the primary court, *mandamus* does not lie to vacate the amendment.

Motion for a *mandamus* against the Circuit Judge of the Eighth Judicial Circuit.

DARGAN, C. J.—An attachment was sued out at the instance of William H. Gulleland and others against James M. Putnam, which was levied on certain goods as the property of the defendant. At the return term of the writ, the defendant moved to quash it on two grounds: first, that the affidavit was insufficient; and, secondly, that it was not directed to any officer. The plaintiffs also moved to amend the attachment, by adding the proper direction. These motions were heard at the same time, and the court granted the motion to amend, and refused the motion to quash. A motion is now made for a *mandamus*, to compel the Circuit Court to vacate the amendment, and to quash the writ.

In the case of Reynolds v. Hall, 3 Ala. 57, it was decided that a motion to quash or set aside process, was addressed to the discretion of the court, and the refusal to grant the motion was not a matter that could be assigned as error. This decision has been recognized in the subsequent cases of Massey v. Walker, 8 Ala. 167; Ellison et al. v. Mounts, 12 Ala. 472. Now, if the motion to quash is addressed to the legal discretion of the court, we think it clear that a *mandamus* will not lie to control that discretion, for if we compel the Circuit Court by this process to grant the motion to quash, then the granting of the motion is no longer a matter of discretion, but is compulsory on the court when made, if the writ be defective.

Nor do we think the writ should go, to compel the Circuit Court to vacate the amendment that was allowed. We will not at this time determine whether the defect was amendable or not, for whether it was or not, the result of this motion must be the same. If there was no error in allowing the amendment, the writ of course could not go; and if the amendment was improperly allowed, it may be reviewed by writ of error, after the final judgment shall have been rendered in the cause, unless the defect be cured or waived in the subsequent proceedings. Should we at this time grant the writ, and thereby in effect decide that the attachment was defective, it could have no effect; for the attachment itself would not be quashed or dissolved by vacating the amendment, but would remain as it was before the amendment was allowed; and the defect of the writ could only be brought before this court by

writ of error. It may be proper to observe, that we have frequently intimated that a *mandamus* would lie, to revise the action of the Circuit Court in quashing or refusing to quash ancillary attachments, but the question has never been directly decided on an application for the writ; but conceding that it would be granted in such a case, it is quite certain that it ought not to be granted to compel the court to quash an original attachment, which is the leading process of the cause, upon a motion merely, which is always addressed to the discretion of the court.

Motion refused.