## Ex Parte SMALL.

1. When a non-resident is arrested under a bail writ, and compelled to give bond to keep out of jail, *mandamus* from the Supreme Court does not lie to compel the Circuit Court, on its refusal, to discharge the bail.

MOTION for *mandamus* to the Circuit Court of Macon.

GEO. W. GUNN, for the motion :

*Mandamus* is the proper remedy to compel all inferior tribunals to perform the duties required of them by law, and to execute that justice to which a party may be entitled.— Strong, Petitioner, 29 Pick. 484 ; Carpenter v. Bristol, 21 *ib.* 258 ; 6 Bacon's Abr. 434, 435, 436, 438 ; Marbury v. Madison, 1 Cranch 137 ; Dur v. Judges, 3 H. & M. 7; Street v. Gallitin Co. Commissioners, Brees. 25 ; *Ex parte* Remson, 23 Ala. 17 ; and is liberally interposed for the benefit of the subject and the advancement of justice.—6 Bacon 418. Thus, when a motion is made to quash a bond for costs, which was insufficient, and the Circuit Court overruled the motion, it was held that a *mandamus* would lie.—Barnett v. Warren Circuit Court, Harden's Rep. 172.

2. Bail process is an extraordinary remedy, given by statute, and the party invoking it must bring himself within the letter of the statute.

3. At common law, when the summons fell into disuse, and the *capias* became the leading process, it was thought hard to imprison for a contempt, which was only supposed, and in ordinary cases, by the general indulgence of the courts, could only be served with a copy of the writ ; and if he failed to appear, the plaintiff could put in common bail, and proceed with the case, and special bail could not be required without affidavit.—3 Black. Com. 287.

4. Our statute authorizing bail in civil cases, should be strictly construed for three reasons : 1st, because it is in derogation of the common law.—3 Black. Com. *supra ;* 2nd, because it is against liberty.—Jennings v. Sledge, 3 Kelly

128 ; 3rd, because it extends or enlarges the power of a ministerial officer of the court.

5. Parties can only be held to bail in the county of their residence (Code, § 2175) ; and the form of section 2182, that the defendant be discharged upon affidavit, that the particular fact sworn to by the plaintiff is untrue, and that he has no property in the State of Alabama to satisfy the debt, seems conclusive that the Legislature intended to exclude than include non-residents.—5 Ala. 130.

6. The case then stands as at common law, by which bail could not be required, when the demand was unliquidated.— 1 Bacon's Abr. 543, Bail in civil cases, B. 2, 1, when demand is uncertain. But if bail could have been required at all, the judge should have made the order ; the clerk had no such power.—Bacon's Abr. supra, and cases cited.

7. The affidavit in this case is wholly insufficient; the statute and the general law each require that the facts should be set out in the affidavit to enable the judge or clerk to fix the amount of bail. The plaintiff should have stated the amount of his damages in positive terms, as well as set forth the material facts of the case.—Pentinger v. Williams, 1 Brown 206; Swan v. Kingston, ib. 33; Lewis v. Breckinridge, 1 Blackf. 112 ; 8 East 364 ; 2 East 453 ; Bacon's Abr. supra; 3 Kelly 128; 10 Bingh. 334. The affidavit should have shown, not only that defendant warranted the slave, but that the plaintiff had been damaged more than fifty dollars by a breach of the warranty, to have given the Circuit Court jurisdiction.—Const., Art. 5, § 10 ; Code, § 711 ; Crabtree et al. v. Cliat, 22 Ala. 181 ; Crosby et al. v. Clark, 1 M. & W. 286, and cases cited.

On a motion to discharge bail, the court will look to the complaint, to determine whether the case is bailable at all, or whether the affidavit is sufficient for the form of action selected by plaintiff.—Hazard v. Jordan, 12 Ala. 180 ; Beckwith v. Baldwin, ib. 720.

D. G. CLOPTON and SEABORN WILLIAMS, contra :

A mandamus ought not to be granted for the following reasons :

The motion to discharge the bail was addressed to the dis-

cretion of the court, for it would be to render inoperative the bail process. A motion to quash or set aside proceedings in the nature of a process, is always addressed to the discretion of the court, and may be acted on or declined at pleasure. Reynolds v. Bell, 3 Ala. 58.

If the motion was addressed to the legal discretion of the Circuit Court, it is clear that a *mandamus* will not lie to control that discretion.—*Ex parte* Putnam, 20 Ala. 593 ; Lamar v. Com. Ct. of Marshall, 21 Ala. 778.

If the affidavit is insufficient, or the clerk had no authority to issue the bail process, the sureties can plead that matter when proceedings are instituted upon the bond.— Toulmin v. Bennett, 3 S. & P. 221 ; Kennedy v. Rice, 1 Ala. 12.

The writ of *mandamus* will be granted only where there is a specific legal right, and no other legal remedy to enforce that right.—Jones *Ex parte*, 1 Ala. 15.

In entertaining a motion to discharge the bail on the ground of the insufficiency of the affidavit, the court will not look beyond the affidavit; and the affidavit in this case is in compliance with the statute.—Code, § 2176. It is not necessary that the affidavit should state the amount of damage.—1 Brown 206.

The statute regulating bail in civil cases restricts it as to residents of this State. As to non-residents, the same right to hold to bail exists in this State as at common law.—18 Wend. 644. The constitution guaranties to the citizens of other States the same privileges as the citizens of this State, but no higher privileges. Will it be said, then, that a resident citizen may be held to bail upon the happening of certain contingencies, but that a non-resident cannot, even upon the happening of the same contingencies, whilst he is within this State ? The greater includes the less.

A non-resident may be sued in this State, and the right to sue includes all the accessorials to a suit, among others, the right to require bail under proper circumstances.

The objection to the insufficiency of the affidavit should have been taken before putting in bail.—1 East 80, 330 ; 7 T. R. 355 ; 1 B. & P. 132.

PER CURIAM.—Petitioner avers, that John McLane, in February, 1854, caused a suit to be instituted against him, returnable to the Spring term, 1854, of Macon Circuit Court, for a breach of warranty in the sale of a slave, and caused the petitioner, who then was, and now is, a resident citizen of the State of South Carolina, to be arrested by his body; in consequence of which arrest, he was compelled to enter into a bail bond to keep out of the common jail.

At the return term of said writ, petitioner moved to discharge the bail, on these several grounds: 1st, because the affidavit was insufficient, in failing to show the extent of damage sustained by the alleged breach of warranty; 2d, because the defendant is a non-resident of this State, and not liable to be held to bail in this State for unliquidated damages; and, 3d, because, in such case, the clerk had no authority to make an order requiring bail.

The petitioner proved to the court that he was a non-resident; and his motion, having been considered, was by the court overruled.

The settled rule seems to be, that the writ of *mandamus* will be granted only where there is a specific legal right and no other legal remedy adequate to enforce that right.—*Ex parte* Jones, 1 Ala. 15. In this case, the petitioner has been held to bail, and has given a bail bond in order to obtain his discharge. If, as he contends, the case is one in which bail cannot by law be required, he cannot be held liable upon his bond; and if a liability is fixed upon him by the judgment of the court, such judgment, in the event supposed, would be erroneous, and could be reversed on appeal. If, on the other hand, the bail was properly required, he has no cause of complaint. That the court has refused to quash the bond, on motion, is no ground for resorting to this writ. It is a matter of discretion with the court, to grant the motion or put the party on his plea when proceedings shall have been instituted on the bail bond (Reynolds v. Bell, 3 Ala. 57-8); and this writ does not lie to control an inferior court in the exercise of its discretionary powers.—*Ex parte* Putnam, 20 Ala. 592. So, also, in Lamar v. The Commissioners' Court of Marshall County, we said: "*Mandamus*, when directed to inferior tribunals, is a writ which seeks to compel action;

but it does not point out, in a matter over which that court has a discretionary power, how that court shall act." See, also, *Ex parte* Edward Henry, at the present term.

This case is unlike that of Barnett *et al.* v. The Warren Circuit Court, Hardin's Rep. 172, where the Circuit Court refused to quash a bond for security for cost and to dismiss a suit for want of a good bond. Here there is a legal remedy, or will be one in due time. In that, there was none ; for, if the defendants gained the suit, in which event they would recover their cost, they had no security for it, and, having recovered, they could not reverse their own judgment. As we have already seen, whenever the defendant is held liable on this bond, he has his appeal, which clearly distinguishes it from that case.

Motion denied, with costs.