# Grigg, Adm'x, v. Gilmer.

## Amendment Nunc Pro Tunc.

1. *Appearance, what is.*—Although the manner of entering appearances is prescribed by formal rules, they are seldom observed, and in practice the entry, on the margin of the dockets of the court, of the attorney's name opposite the name of a party to the suit, is an appearance for such party.

2. *Same; effect of.*—The consequences resulting from such an appearance may be limited by the subsequent pleadings or steps taken in the cause; and if these refer to and are for the purpose of vacating an irregular service of process, or for taking advantage of defects, &c., the appearance will not, on error or appeal, be deemed a general appearance, curing such defects.

3. *Same.*—A plea, especially a plea in abatement, when final judgment can be thereon rendered, is of necessity an appearance. The withdrawal of the plea is not a withdrawal of the appearance, and defendant being still before the court, judgment *nil dicit* against him is proper, if he fails to plead further.

4. *Judgment by default; when improper.*—Judgment by default, under our practice, is a judgment for want of an appearance, and can not be rendered when there is an appearance only, or where, after plea filed, it is withdrawn, the defendant making no further defense; in either case, judgment *nil dicit* must be entered.

APPEAL from Circuit Court of Montgomery.

Tried before Hon. JAS. Q. SMITH.

The appellant, Ellen R. Grigg, as administratrix of F. T. Grigg, commenced suit in June, 1873, by attachment against the appellee, Gilmer, to recover damages of the latter for the wrongful killing of her intestate. The attachment was sued out on the ground that the defendant "has absconded," and was levied on certain lands belonging to him, and at the December term of that year an order of publication was made. On the 28th of December, 1873, the defendant pleaded in abatement the insufficiency of the affidavit for attachment, the plea being sworn to by W. R. C. Cocke, one of his attorneys. At the June term, 1874, the cause appears to have been continued generally. At the December term, 1874, judgment was rendered as follows: "This day came the parties by their attorneys, and the defendant withdrawing his plea, and saying nothing in bar or preclusion of the plaintiff's de-

mand," and it appearing to the satisfaction of the court that defendant is a non-resident, &c., and publication has been made, as required by law, in the Alabama State Journal, &c., "It is, therefore, considered by the court that said plaintiff recover of said defendant her demand in the complaint mentioned, but the same being uncertain, a writ of inquiry is awarded to ascertain the same," and the jury having assessed the damages at $3,000, judgment was thereupon rendered for that sum and costs.

At the June term, 1875, one Banks, a "purchaser of the property levied upon under the attachment, and also the mortgagee," entered a motion on the docket to amend the judgment *nunc pro tunc*, so as to make the same a judgment by default instead of a judgment *nil dicit*, &c. This motion was denied. At the next term the defendant made a similar motion, and the court, in a minute entry, reciting that it appeared from the docket and other satisfactory evidence, that judgment by default should have been rendered, and that the judgment *nil dicit* was a clerical error, amended the judgment *nunc pro tunc*, so as to make it a judgment by default. On the hearing of the motion the judge's docket, with the entries thereon in his handwriting, was offered in evidence, together with the record of the cause.

On the trial docket, opposite the name of the defendant, was an entry in the handwriting of the presiding judge as follows : "S. & C. specially." The docket also contained the following entries in the handwriting of the presiding judge : "June term, 1874, continued generally—plea withdrawn. Publication proved—judgment by default with writ of enquiry. Jury and verdict. Damages $3,000. December 18th, 1874." The decree amending the judgment *nunc pro tunc* is now assigned for error.

W. A. GUNTER, for appellant.—1. The court docket shows the entry of counsel for the defendant—the same docke shows the withdrawal of a plea by the defendant and a *jury and verdict* for the plaintiff.

There was, therefore, an appearance by the defendant, the overruling, or, what is the same, the withdrawal of his *plea*, and refusal, omission or default to plead further, and of consequence a judgment for *such default*, which could only have been entered up as was done in the original entry. And on the above statement of facts we defy any one to frame a judgment entry otherwise than by *nil dicit.*—*Kidd and Stainton v. McMillan*, 21 Ala. 325; *Massey v. Walker*, 8 Ala. 167.

2. Whatever is held by the course of practice in a court to be a submission to its authority in the cause, whether co-

erced or voluntary, must be deemed an appearance, and *when once made it can never be retracted.*—*Cooley v. Lawrence,* 12 How. Prac. Rep. 176; same case in 5 Duer, 605; 1 Tidd. Prac. 86.

Neither the attorney making an irregular appearance nor the defendant can set it up.—*Talladega Ins. Co. v. Landers,* 43 Ala. 127.

An appearance *in fact* is the coming of the defendant in person, or by attorneys, for the purpose of defense; and, from the nature of things, must precede any defense. The language of a plea drawn according to the forms, and according to the form of the plea in this case, recites *the appearance* in the first instance; and the *"venit"* is now dispensed with only because "the defendant's making defense shows him to be in court, and makes him a party to the plea."—1 Chit. Plea. 427.

The fact of a plea being filed in the cause, which the court docket as well as the record affirms, shows, therefore, that there was an "appearance."

3. There is no such thing known to our laws as a "special appearance;" it is not provided for by the Code, or rules of the court, and nothing is said of it in Chitty on Pleading.

If the term is used in the sense of appearing, so as to save to the defendant the right to object by proper and timely pleading to matters *in abatement,* it is intelligible.—*Mann v. Carley,* 4 Cow. 148.

All that a defendant has to do to avail himself of such defects, is to put in his plea in proper form and at the proper time.—Rev. Code, §§ 2662, 2664.

But although the appearance, for the purpose of giving him the benefit of his objection, is held to be a waiver of the defect, if it be one, yet, it is nevertheless *an appearance* in the cause, and, if the plea is disposed of on demurrer adversely to the pleader, the judgment is *respondeat ouster,* and in default of a further plea the judgment is, and can with truth only be, by *nil dicit.*—*Massey v. Walker,* 8 Ala. 167; *Jones & Co. v. Donnell,* 9 Ala. 695.

4. The withdrawal of a plea can be nothing more than the sustaining of a demurrer thereto, or the striking of it from the files as frivolous, and if the defendant desires to plead further, the judgment would have to be *respondeat ouster.*— *Gibson v. Laughlin,* Minor, 182. If there is a refusal to plead over, or if there is a default in pleading over, the judgment is final by *nil dicit.*—*Massey v. Walker,* 8 Ala. 167; *Kidd v. McMillan,* 21 Ala. 325.

Plaintiff, at common law, could not declare until after the appearance of the defendant, and that, consequently, such a thing

as a judgment by *default* (that is, without an appearance) is unknown to the common law.

Judgments by default are the result of the modern system of serving a summons instead of taking the defendant with a *capias.* Default of *appearance* is the natural result of the former, when no defense is intended to be made, while an *appearance* was the necessary result of the *capias,* and default could only be made in pleading, and, therefore, the judgment had to be by *nil dicit.*

W. R. C. COCKE & DAVID CLOPTON, with whom was R. D. RUGELY, *contra.*—By the first general rule (Rev. Code, p. 813) the clerk is required to keep a book to be called the "Book of Appearances." Any attorney, desiring to appear in any civil cause, shall make, or cause to be made, in said book, an entry of his name, stating the cause in which he appears, the party or person for whom he appears, and the date of the entry; and such entry shall be considered an *appearance of record.*

An appearance made in accordance with this rule, when no plea to the *merits* has been filed, is the only appearance which brings the party into court without service, or, is a waiver of defects, or, authorizes a judgment *nil dicit.*—*Nabors v. Nabors*, 2 Port. 162–167 ; see, also, 30 Ala. 352.

Was, then, the filing of the plea in abatement such an appearance? The filing of a plea in abatement, which is subsequently rejected by the court, is not such appearance.— *Nabors v. Nabors*, 2 Port. 162–168; *Jordon v. Bell*, 8 Port. 53; *Halsey v. Hurd*, 6 McLean, 14.

The withdrawal of the plea in abatement, left the case in the same condition as if no plea in abatement had been filed; or, at least, as stated by the counsel for the appellant, as if it had been stricken from the files as frivolous, or, had been rejected by the court for any good cause; and, thus, the present case is brought within the above decisions.

Judgment of *respondeat ouster* is rendered only when there has been a *judgment of the court* upon the merits of a plea in abatement, as when a demurrer to it is sustained; and if the parties *go to trial* upon an issue arising upon a plea in abatement, and the judgment is against the defendant, it is final, and the damages may be assessed.—*Jones & . Co. v. Donnell,* 9 Ala. 695–698. When the plea in abatement has been *withdrawn,* or stricken from the files, there has been no answer; *the plea has never been submitted to the court for its judgment,* on demurrer or otherwise, and there can be no judgment to answer over.

It is contended, however, that if there is a refusal to plead

over, or a default in pleading over, the judgment is final by *nil dicit*.

In *Rundolph v. Barnett*, 16 Peters, 138, a plea in abatement was filed—misnomer. The plaintiff, by leave of the court, amended his declaration remedying the defect, and at the next term a judgment *by default* was rendered. On writ of error, one of the grounds relied upon for reversal was, that a judgment by default could not be rendered after appearance entered. The opinion, after stating the proceedings, says, "this proceeding was a final disposition of that plea in abatement, and as the defendant *appeared for the purpose* of pleading in abatement, *only*, the decision of the court upon the plea, put him out of court, and for failing to appear again and plead to the action, judgment *by default* was properly rendered against him."

The only appearance made by attorneys for the defendant, was by, and for the purpose of filing the plea in abatement only. The entry of "S. & C., specially," opposite the name on the trial docket, was in the handwriting of the *judge*, without any showing by whose authority or in what way it was put there. The reasonable presumption is, that it was put there to show that S. & C. appeared for some special purpose, and limited to that special purpose; and, for the convenience of the judge in knowing readily, what attorneys to have called. Taking this entry in connection with the fact, that they had filed a plea in abatement, *only*, the presumption is that that special purpose was the filing of the plea in abatement. This plea having been withdrawn, the defendant was put out of court, so far as the plea, and appearance for that special purpose only had brought him into court. and he was then no longer in court *by appearance ;* in such case a judgment *by default* only could be rendered.—3 Pa. (State) 501 ; 6 Blackford, 557.

It requires *a general appearance* to waive service or defects and bring the party into court for all the purposes of the suit.—*Moore v. Phillips*, 8 Port. 467. And where there is such *general* appearance, and a plea to the merits, the withdrawal of the plea does not withdraw the appearance. It is entirely different, however, where there is an appearance for a *special* purpose. It is not true that a defendant "once coming," is always present, in contemplation of law. To have this effect, he must come in the manner prescribed by the rule, which binds him to an appearance of record. A "special appearance" is not provided for by the Code or any rule of court; yet, it is an every day practice, and is not violative of any provision of the Code or rule of practice. A "special appearance" is necessary in many cases, to enable a party to

assert some particular right, and yet not be bound, as he would be by a general appearance. This is the case, when he wishes to move to quash service or process, or take advantages of some defect or irregularity, which has never been held to be a legal appearance.—*Lampley v. Beavers,* 25 Ala. 534; *Moore v. Dickerson,* 44 Ala. 485 ; *Larrabee v. Larrabee,* 33 Maine, 100. In fact, when the defendant desires to avail himself of any such advantage, he must appear *specially.*— *Campbell v. Swasey,* 12 Ind. 70; *Allen v. Lee,* 6 Wis. 478.

A plea in abatement to the *jurisdiction* is not an *acknowledgment of the jurisdiction!* the defect of want of jurisdiction is not waived.—*Halsey v. Hurd,* 6 McLean ; *Boon v. Rahl,* 1 Heiskell, (Tenn.) 12; 5 Robinson's Prac. p. 6 ; *Gardner v. Parker,* 12 Mass. 39; *Lawrence v. Barrett,* 16 Peters.

The recital in the plea that the "defendant came," is a mere legal sophism of which the *form,* only, is preserved— the *substance* has long ceased to have any weight. An *attorney* may come, for the defendant, and plead to the jurisdiction, and it will be a good plea in abatement.—*Prim v. Davis,* 2 Ala. 24.

BRICKELL, C. J.—An appearance is a submission to the jurisdiction of the court, in obedience, or in answer to process. Though we have a rule of practice, prescribing particularly, the mode in which the appearance shall be entered, and thereby made known to the court and to the opposing party and counsel, the rule is but seldom, if ever, observed. The entry on the margin of the dockets of the court of the name of an attorney, opposite to the name of a party to a suit, is accepted in practice as an appearance for such a party. The consequence resulting from an appearance thus made, may be limited by the steps taken, or the pleadings interposed subsequently. If these refer to, and are for the purpose of vacating an irregular service of process, or for showing to the court there has been no service of process, or, for taking advantage of defects in the process, on error or appeal, such an appearance will not be deemed a general appearance, curing such irregularities or defects.—*Lecatt v. Salle,* 1 Port. 287 ; *Nabors v. Nabors,* 2 Port. 162; *Wilson v. Outlaw,* Minor, 196; *Lampley v. Beavers,* 25 Ala. 534.

A judgment by default is, in our practice, a judgment for the want of an appearance. It is distinguished from other judgments by the recital, "the defendant being called, came not but made default." An appearance in a civil suit at law is purely voluntary. No process can issue to compel it, nor can the plaintiff, in any event, enter it for the defendant. A defendant may decline to make it, incurring no other conse-

quence than an admission of the plaintiff's cause of action, as averred in the complaint, and a judgment against him on such admission.—*McGehee v. Childress*, 2 Stew. 506. The judgment can never be entered if there is an appearance, unless the defendant has filed an affirmative plea, and does not subsequently appear to sustain it. If there is an appearance, and a failure to plead, a judgment *nil dicit*, not a judgment by default, must be rendered.—*Stewart v. Goode*, 29 Ala. 476. Or, if the defendant appears, and subsequently withdraws his appearance, making "no further defense," *nil dicit* is the proper judgment.—*Summerlin v. Dowdle*, 24 Ala. 428. So, when there is an appearance, and a motion to quash the summons as irregular, which is overruled and no further defense is made, a judgment *nil dicit* is proper.—*Eaton v. Harris*, 42 Ala. 491. The appearance of the defendant, and the subsequent withdrawal of a plea filed, is properly followed by a judgment *nil dicit*.—*Kennedy v. Young*, 25 Ala. 563.

The plea in abatement filed by the defendant, because of the insufficiency of the affidavit on which the attachment issued, was an appearance; for until an appearance is effected, there can be no pleading.—Stephen on Plead., Appendix xxii; 1 Chit. Pl. 427; *Stephens v. Arthur*, Salk. 544. The judgment on this plea, if in favor of the plaintiff, on issue found, would have been final, leaving nothing more to be done than an assessment of the damages, if the action sounds in damages.—*Jones & Co. v. Donnell*, 9 Ala. 695. If a demurrer had been interposed and sustained, the judgment would have been *respondeat ouster*.—*Massey v. Walker*, 8 Ala. 167. If, on demurrer, or on issue found, the judgment had been for the defendant, it would have been final, that the writ be quashed, and the defendant go hence, and recover costs. A plea on which a final judgment may be rendered is, of necessity, an appearance.

It is insisted, however, for the appellee, the withdrawal of the plea in abatement remitted the cause to the condition in which it was before the plea was filed. We cannot assent to the proposition. It is not in accordance with our former decisions, and would operate to the prejudice of the plaintiff, who, by its withdrawal, has been deprived of the opportunity of testing the truth or sufficiency of the plea, and obtaining a judgment which would have been final, or of *respondeat ouster*, compelling a plea in bar. For, no subsequent plea in abatement, or dilatory plea, could have been interposed.— *Houck v. Scott*, 8 Port. 161. The withdrawal of the plea was the voluntary act of the defendant, which the plaintiff could not prevent. It was either a confession of its insufficiency, or a waiver of the matter of defense it contained. Whether

the one or the other the defendant was before the court, and failing to plead further, a judgment for the want· of a plea, which is a judgment *nil dicit*, was the proper judgment. That was the judgment originally entered, and in its amendment, so as to convert it into a judgment by default, the court erred. For the error the judgment must be reversed and the cause remanded.