# Carroll *v.* Milner & Kettig.

### *Garnishment on Judgment.*

93  301
97  528

1. *Garnishment against stockholder, on judgment against corporation; recital as to return of execution.*—A judgment creditor of a corporation, with an execution returned "no property found," may sue out a garnishment against a stockholder, to reach and subject his unpaid subscription for stock (Code, § 2972); but, whether a judgment by default against the garnishee should recite such return of an execution, or show that proof was made of the fact, is not decided.

2. *Amount of judgment against garnishee.*—When a garnishment is sued out on a judgment "for $232.76," as described in the affidavit and writ, not mentioning costs, a judgment by default against the garnishee which states the sum to be "$252.15, and $8.80, costs of suit," is erroneous.

APPEALS from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

SMITH & LOWE, for appellants, cited *Gunn v. Howell*, 27 Ala. 672; *Blair v. Rhodes*, 5 Ala. 648; *Chambers v. Yarnell*, 37. Ala. 400; *Jackson v. Shipman*, 28 Ala. 488; *Case & Pate v. Moore*, 21 Ala. 758.

BULGER & HEFLIN, *contra*, cited *Curry v. Woodward*, 44 Ala. 306; *Dickerson v. Walker*, 1 Ala. 48.

STONE, C. J.—These two cases present the same legal questions. Milner & Kettig, as partners, sued out writs of garnishment against each of the appellants, Leigh Carroll and Joseph Carroll, under section 2972 of the Code of 1886. In the affidavit for garnishment it is stated, that the plaintiffs recovered judgment against the Alabama Gas, Fuel and Manufacturing Company, a body corporate under the laws of Alabama, for an amount which the affidavit sets forth, together with the date of the recovery, and the court in which the judgment was recovered; and that execution issued on said judgment had been returned "no property found." The affidavit contains all the statute requires, and we need not set forth more of its contents. The writs of garnishment were issued July 16, 1888, and were served July 23, 1888. They were made returnable thirty days after the service of process.

On October 15, 1888, conditional judgments were entered

[Schaungut's Adm'r v. Udell & Crunden.]

against the garnishees, reciting that they had been called, and failed to appear and answer. Judgments *nisi* against the garnishees are in all respects regular in form, unless the failure to recite, as a fact ascertained, that execution on the judgment against the corporation had been returned no property found, invalidates them. On notice properly served, and on further default of the garnishees, these judgments *nisi* were made absolute on April 8, 1889. In none of said judgments is it recited, or shown as a finding of the court, that execution against the Alabama Gas, Fuel and Manufacturing Company had been returned no property found, before the institution of these garnishment suits. It is contended for appellants, that the absence of this recital, or ascertained fact, requires a reversal of these cases; and *Gunn v. Howell*, 27 Ala. 663, is relied on as supporting this contention.

In *Hunt v. Ellison*, 32 Ala. 173, 198–9, the correctness of the decision in *Gunn v. Howell* was doubted, and we still doubt its correctness. We think it unnecessary to notice that case further, for reasons to be presently stated.

In the affidavit for garnishment, and in the garnishment writ in these cases, the judgment against the Alabama Gas, Fuel and Manufacturing Company is stated at $232.76, and nothing is said about costs of the suit. This is the statement in each of the transcripts before us. In the judgments *nisi* the sum is stated as "two hundred and fifty-two 15-100— (252,15-100) dollars principal, and eight 80-100 (8.80-100) dollars, costs of suit;" and in the final judgments these conditional judgments are made absolute. And this is the condition of each transcript.

Affidavit and garnishment are the commencement of a suit. They disclose what is sought to be recovered. It need scarcely be stated that, in a judgment by default, no greater sum can be recovered than is claimed. To hold otherwise, might expose defendants to a grievous wrong.—*McGhee v. Childress*, 2 Stew. 506; 2 Brick. Dig. 133, § 17.

Reversed and remanded.