JOHN F. SIMMONS *vs.* LYMAN H. RICHARDS.

Plymouth.    March 17, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*False Return on Execution — Recognizance — False Arrest — Question for the Jury.*

Where, in an action by A. against B., a deputy sheriff, for making a false return upon an execution against C., who had been arrested by B. thereon and for whose appearance A. had recognized, it appears that A. could not defend against the recognizance by contradicting B.'s return of an arrest of C. in that as to parties and privies the return was conclusive, A. was injured by that return, if it was false, and the case should be submitted to the jury.

TORT, against a deputy sheriff, for making a false return upon an execution against one Underwood and others, in favor of one Kellogg.   At the trial in the Superior Court, before *Braley*, J., it appeared that Underwood was arrested by the defendant on the execution and the plaintiff recognized for his appearance, and that Underwood defaulted, and a judgment was obtained against the plaintiff upon the recognizance.   The defendant requested the judge to rule that, upon all the evidence, the plaintiff was not entitled to recover; the judge refused so to rule, and, the jury having returned a verdict for the plaintiff, reported the case for the determination of this court.   If the ruling was right, judgment was to be entered upon the verdict; otherwise, judgment was to be entered for the defendant.   The facts appear in the opinion.

*M. Coggan & E. S. Page*, for the defendant.

*H. Kingman & D. E. Damon*, for the plaintiff.

ALLEN, J.   An arrest may be made without actually touching the person.   It is enough if the party is within the power of the officer, and submits to the arrest.   *Mowry* v. *Chase*, 100 Mass. 79, 85.   The evidence in the present case was sufficient to warrant the finding of an arrest on June 14.   There was testimony that the defendant went to Underwood's house in the evening, said he had an execution for his arrest, showed it to him, asked him what he was going to do, said he would have to take him to

jail, and told him that he had an assistant in attendance whom he could leave with him that night; that the defendant with his assistant went with Underwood by the latter's request to station No. 2, where Underwood in the defendant's presence told the sergeant, and afterwards the chief. of police, that he was under arrest, which was not contradicted by the defendant; and finally that the defendant let him go, upon assurances that he would come to the defendant's office the next morning. Without detailing further testimony, the jury might find from the above that the defendant intended to take Underwood into his custody, and had him within his power, that Underwood submitted to the arrest, and that the defendant voluntarily discharged him.

If that was so done, the defendant had no authority to arrest Underwood again on the same execution, and the arrest on June 27 was illegal. This is conceded by the defendant. *Houghton* v. *Wilson*, 10 Gray, 365.

If the second arrest was illegal, the recognizance would be invalid provided the facts showing the illegality appeared of record, and in such case the surety upon the recognizance might have maintained his defence when sued upon it. *Smith* v. *Bean*, 130 Mass. 298. *Lane* v. *Holman*, 145 Mass. 221. But no facts appeared of record showing that the second arrest was illegal. The officer's return upon the execution set forth only the arrest of June 27. Assuming that there had been an arrest on June 14, this was a false return. This also is conceded by the defendant. *Brinley* v. *Allen*, 3 Mass. 561. *Bean* v. *Parker*, 17 Mass. 591, 601.

Nevertheless, the defendant contends that he is not liable to the plaintiff, though he might have been to the judgment creditor or to Underwood. The situation was this. The defendant took Underwood before the District Court by virtue of an execution upon which he returned an arrest. So far as the papers showed, everything was in due form, and the arrest was legal. Thereupon Underwood entered into the recognizance, with the present plaintiff as surety. Moreover, if it is material, there was evidence tending to show that the present plaintiff was not then aware of the prior arrest. Under this state of things, when suit was brought on the recognizance after Underwood had made default thereon, neither Underwood nor the present

plaintiff, in defence, could be allowed to contradict the defendant's return of an arrest on June 27.   As to parties and privies, the return was conclusive.  *Lowery* v. *Caldwell*, 139 Mass. 88, and cases there cited.  *Sawyer* v. *Harmon*, 136 Mass. 414. *Stewart* v. *Griswold*, 134 Mass. 391.   *Baker* v. *Baker*, 125 Mass. 7.   *Pullen* v. *Haynes*, 11 Gray, 379.   *Lang* v. *Bunker*, 1 Allen, 256.   In applying this familiar rule, it was held in *Bean* v. *Parker*, 17 Mass. 591, that bail, being sued, cannot deny the arrest of the principal, if the officer has returned such an arrest; and in *Winchel* v. *Stiles*, 15 Mass. 230, that bail, being sued, cannot be allowed to show that the judgment debtor did not avoid, but might have been found, the officer having returned *non est inventus* on the execution.

Since the plaintiff could not defend against the recognizance by contradicting the defendant's return of an arrest, he was injured by that return if it was false, and it was therefore proper to submit the case to the jury.  *Brinley* v. *Allen*, 3 Mass. 561. *Whitaker* v. *Sumner*, 7 Pick. 551.   *Sexton* v. *Nevers*, 20 Pick. 451, 454.

According to the terms of the report the entry must be,

*Judgment on the verdict.*